## STATE of Indiana, Appellant (Respondent below),

v.

## Janet EILAND, Appellee (Petitioner below).

### No. 02S05–0002–PC–107.

Supreme Court of Indiana.

Feb. 15, 2000.

Jeffrey A. Modisett, Attorney General of Indiana, James A. Garrard,, Deputy Attorney General, Indianapolis, Indiana, Attorneys for appellant.

Thomas C. Allen, Fort Wayne, Indiana, Attorney for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

Janet Eiland filed the petition for post-conviction relief from her conviction for operating a motor vehicle while intoxicated. The post-conviction court granted the petition on two grounds: (1) that the trial court had not inquired into the factual basis before accepting Eiland's guilty plea to the charge; and (2) the trial court had failed to inform Eiland that she was waiving her constitutional rights by pleading guilty.

The Court of Appeals reversed the post-conviction court and remanded the case with instructions. *State v. Eiland,* 707 N.E.2d 314 (Ind.Ct.App.1999), *reh' g denied.* In analyzing the first of the two grounds on which the post-conviction court granted relief, the Court of Appeals addressed the question of whether a petitioner for post-conviction relief who proves that a factual basis for his or her guilty plea was not established must also prove that he or she was prejudiced by this error. We agree with the Court of Appeals that prejudice must be established before post-conviction relief can be granted on grounds of failure to establish a factual basis for a guilty plea. *See Herman v. State,* 526 N.E.2d 1183, 1185 (Ind.

1988) ("The [petitioner's] efforts in the litigation below do not meet the requisite burden. There is no showing that the trial court's failure to advise [the defendant] of these rights or to require a more detailed factual basis affected [defendant's] decision to plead guilty.").

As the Court of Appeals pointed out, this conclusion is consistent with our opinion in *White v. State,* 497 N.E.2d 893 (Ind. 1986). There we held that to be entitled to post-conviction relief from a guilty plea, a petitioner must show prejudice resulting from a trial court's failure to comply with a statute that requires defendants to be advised of certain rights before pleading guilty.[1] We noted that the statutory advisements were not required by constitutional law and that justice would not be served if convictions were reversed on the basis that the statutory advisements had not been given where there was no evidence that the advisements would have affected a defendant's decision to plead guilty:

> Routine reversal of convictions on technical grounds imposes substantial costs on society.... [J]urors, witnesses, judges, lawyers, and prosecutors may be required to commit further time and other resources to repeat a trial which has already taken place. The victims are caused to re-live frequently painful experiences in open court. The erosion of memory and the dispersal of witnesses may well make a new trial difficult or even impossible. If the latter is the case, an admitted perpetrator will be rewarded with freedom from prosecution. Such results prejudice society's interest in the prompt administration of justice, reduce the deterrent value of any punishment, and hamper the rehabilitation of wrongdoers.
>
> The [rule enunciated by the case *White* overruled] has led to reversal in instances where the trial judge's omission cannot genuinely be said to have worked an injustice or, indeed, have made any difference at all.

*White,* 497 N.E.2d at 905 (citation omitted).

We have the same view with respect to the requirement that a factual basis be established before a guilty plea is accepted. This is not a requirement of constitutional law and the same costs to our system of justice identified in *White* would be imposed if convictions were reversed on grounds that a factual basis had not been established where there is no evidence that establishing a factual basis would have affected a defendant's decision to plead guilty.

We also agree with the analysis of the Court of Appeals on the second ground upon which the post-conviction court granted relief in this case. In that respect, the court concluded that because a petitioner's conviction will not automatically be vacated as a result of a trial court's failure to advise of his or her rights (except those rights required by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)—the right to trial by jury, the right of confrontation, and the right against self-incrimination), it necessarily follows that a trial court's failure to explain that entering a guilty plea waives these rights will not require per se that a conviction be vacated. *Eiland,* 707 N.E.2d at 318. The petitioner must also establish prejudice as a result of the trial court's failure to make this explanation. *Id.*

We also agree that a remand is appropriate for purposes of establishing the state of the record as to the trial court's advisements of Eiland's *Boykin* rights. *See id.*

We grant transfer and expressly adopt and incorporate by reference the judgment and opinion of the Court of Appeals. Ind. Appellate Rule 11(B)(3). The decision of the post-conviction court is reversed and this case is remanded to the post-conviction court with the instructions contained

---

1. Ind.Code § 35-35-1-2 (1993).

in the opinion of the Court of Appeals. *See id.*

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.