**Alfrazier DEWITT, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 45A04–0008–PC–325.

Court of Appeals of Indiana.

Dec. 6, 2000.

Rehearing Denied Feb. 5, 2001.

Susan K. Carpenter, Public Defender of Indiana, James T. Acklin, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF CASE

Petitioner–Appellant, Alfrazier Dewitt (Dewitt), appeals the trial court's denial of his Petition for Post–Conviction Relief.

We reverse and remand.

### ISSUE

Dewitt raises three issues on appeal, one of which we find dispositive: whether at his guilty plea hearing, Dewitt waived his right to a jury trial.

### FACTS AND PROCEDURAL HISTORY

On October 18, 1978, Dewitt pled guilty to burglary, as a Class C felony, and on October 31, 1978, the trial court ordered Dewitt to serve a two (2) year suspended sentence and placed him on probation. Subsequently, on July 6, 1992, Dewitt filed a *pro se* Petition for Post Conviction Relief. Dewitt twice amended his Petition. Dewitt's Amended Petition asserted that his guilty plea was constitutionally infirm because it was not entered knowingly, in-

telligently and voluntarily. An evidentiary hearing was held on April 19, 2000, and at the conclusion of this hearing, the post-conviction court denied Dewitt's Petition for Post–Conviction Relief.

This appeal followed.

## DISCUSSION AND DECISION
### Standard of Review

■ A post-conviction petition under Ind. Post–Conviction Rule 1 is a quasi-civil remedy, and, as such, the petitioner bears the burden to prove by a preponderance of the evidence that he or she is entitled to relief. *Mato v. State,* 478 N.E.2d 57, 60 (Ind.1985); Ind. Post–Conviction Rule 1(5). On appeal from the denial of a petition for post-conviction relief, we neither reweigh the evidence nor judge the credibility of the witnesses. *Montano v. State,* 649 N.E.2d 1053, 1056 (Ind.Ct.App.1995). To prevail on appeal, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Spranger v. State,* 650 N.E.2d 1117, 1119 (Ind.1995). It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law. *Id.* at 1120.

### Guilty Plea

■ Dewitt argues that he did not waive his right to trial at the guilty plea hearing of October 18, 1978. We agree. At the guilty plea hearing, the following discussion between the trial court judge and the defendant transpired:

**COURT:** You had previously demanded trial by jury. This case is set for trial on December 4. But you may withdraw your demand and be tired [sic] by the Court. How do you wish to be tried, sir?

**DEWITT:** By the Court.

(R. 158). The trial judge went on to ask Dewitt a number of questions and thereafter accepted Dewitt's guilty plea.

In reviewing this colloquy, the post-conviction court found as follows: "At the guilty plea hearing, the trial court judge used the language that was then the current vogue of referring to a guilty plea by asking the defendant if he was withdrawing his right to be tried by a jury and instead to be tried by the court, to which the petitioner indicated that he wished to be tried by the court." (R. 148).

However, no evidence was presented by the State that it was the "current vogue" at the time of Dewitt's guilty plea hearing to refer to a guilty plea as a bench trial. Therefore, no evidence supports this finding by the post-conviction court. Without such evidence, we must accept the trial court's words as stated. Being tried by the court is a trial before the judge rather than a jury—it is not a guilty plea. Thus, Dewitt told the trial judge that he wanted a trial before the court.

■ The Record must disclose that Dewitt knew that he was waiving his federal constitutional right to trial by jury. *See Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *see also State v. Eiland,* 723 N.E.2d 863, 865 (Ind. 2000). In *Boykin,* the United States Supreme Court identified three federal constitutional rights which the record must disclose the defendant knew he was waiving before a reviewing court can affirm a finding that the plea was voluntary and intelligent: the right to a trial by jury, the right to confront one's accusers, and the right against self-incrimination. *Boykin,* 395 U.S. at 243, 89 S.Ct. 1709; *see also White v. State,* 497 N.E.2d 893, 897 (Ind. 1986). "We cannot presume a waiver of these three important federal rights from a silent record." *Boykin,* 395 U.S. at 243, 89 S.Ct. 1709.

■ The record must affirmatively show that the petitioner was advised of the *Boykin* rights prior to the entry of his plea. *State v. Eiland,* 707 N.E.2d 314, 318 (Ind. Ct.App.1999), *opinion expressly adopted by Eiland,* 723 N.E.2d 863.

Nonetheless, in its brief, the State asserts that *Eiland* stands for the following proposition: "A petitioner's conviction will not be vacated if the record reveals that the petitioner knew or was *advised* of his *Boykin* rights at the time of the plea. (citation omitted) The trial court's failure to explain that entering a guilty plea waives these rights does not require that a conviction be vacated." (Appellees Brief p. 7, *citing Eiland*, 723 N.E.2d at 865 and *Eiland*, 707 N.E.2d at 318. (emphasis in original)). However, the State has misinterpreted the *Eiland* decisions here. In *Eiland*, this court and our supreme court both stated that a petitioner's conviction will not be vacated as a result of the trial court's failure to advise him of his rights, **except for the rights enumerated in *Boykin*.** *Eiland*, 723 N.E.2d at 864; *Eiland*, 707 N.E.2d at 318 (emphasis added).

Here, the trial court never advised Dewitt that by pleading guilty he was waiving his right to trial as required by *Boykin*. Instead the trial judge merely asked Dewitt if he wished to withdraw his jury trial demand and be tried by the court. Dewitt responded that he wanted to be tried by the court. This does not equate to an advisement by the trial court that Dewitt was waiving his right to jury trial by pleading guilty. Consequently, because Dewitt was not properly advised of his *Boykin* rights and because he made an affirmative request for a bench trial, he did not knowingly, voluntarily and intelligently plead guilty.

## CONCLUSION

Based on the foregoing, we conclude that the trial court erred in denying Dewitt's Petition for Post–Conviction Relief.

Reversed and remanded for proceedings consistent with this opinion.

BARNES, J., and BAILEY, J., concur.