STATE of Indiana, Appellant,

v.

Maurice COMBS, Appellee.

No. 48A04–0906–CV–333.

Court of Appeals of Indiana.

Feb. 19, 2010.

╾═5

———

Gregory F. Zoeller, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

The State appeals the trial court's order that the Indiana State Police ("State Police") pay the towing and storage fees due and owing to McClead's Towing and Storage ("McClead's") for seven vehicles owned by Maurice Combs. The State raises a single issue for our review, which we restate as whether the State has made a prima facie showing that the court's judgment is clearly erroneous.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On August 23, 2007, the State Police executed a search warrant of Combs' residence in Madison County in criminal cause number 48E02–0710–FD–238 ("the criminal action"). Pursuant to that warrant, the State Police seized eight vehicles from Combs' property. According to the Madison County Prosecutor, Combs' vehicles "were obtained as proceeds of illegal drug trafficking and were used to facilitate illegal cultivation of drugs and illegal drug trafficking." Appellant's App. at 10. At the direction of the State Police, on December 13, 2007, the seized vehicles were towed to and stored at McClead's.

On December 11, 2007, the Madison County Prosecutor filed a civil forfeiture action against the seized vehicles in civil cause number 48E02–0712–MC–291 ("the civil action"). Although filed by the Madison County Prosecutor, the civil action was in the name of the State of Indiana and the State Police pursuant to Indiana Code Section 34–24–1–3(a)(1).[1] In their request for relief in the civil action, "the State of Indiana and the Indiana State Police, by the Madison County Prosecuting Attorney,

---

1. That law provides as follows:
   (a) The prosecuting attorney for the county in which the seizure occurs may, within ninety (90) days after receiving written notice from the owner demanding return of the seized property or within one hundred eighty (180) days after the property is seized, whichever occurs first, cause an action for reimbursement of law enforcement costs and forfeiture to be brought by filing a complaint in the circuit, superior, or county court in the jurisdiction where the seizure occurred. The action must be brought:
   (1) in the name of the state or the state and the unit that employed the law enforcement officers who made the seizure if the state was not the employer; and
   (2) within the period that a prosecution may be commenced under IC 35–41–4–2 for the offense that is the basis for the seizure.
   Ind.Code § 34–24–1–3.

respectfully pray[ed] for judgment for the law enforcement costs incurred by the Madison County Prosecuting Attorney and the Indiana State Police [and] for an order authorizing the seizure of the said vehicles." *Id.* The State's complaint was signed by chief deputy prosecuting attorney "James M. Nave." *Id.*

On January 29, 2008, the trial court ordered, in the civil action, that the State Police "not transfer any title, encumber any title to any seized vehicles or property and ... hold the seized property in good condition pending further order of the court." *Id.* at 2 ("the January 29 Order"). And, according to the Chronological Case Summary ("CCS"), the parties agreed to continue the civil action "pending disposition of [the] pending criminal [action]." *Id.* The January 29 Order was distributed to Combs' counsel and "James M. Navee, Attorney for the Plaintiffs." *Id.* at 21. The CCS also stated that service of that order. was sent to the State and the State Police via the local prosecutor.

In late May or early June of 2008,[2] in the criminal action, Combs entered into a plea agreement with the Madison County Prosecutor's office. According to the plea agreement, Combs pleaded guilty to possession of marijuana, as a Class D felony, and maintaining a common nuisance, as a Class D felony. Combs also agreed to forfeit one of the eight seized vehicles to the State, but the plea agreement did not mention the seven remaining vehicles.

Subsequently, on July 14 the parties in the civil action jointly filed a stipulation ("the July 14 Stipulation"). According to that document, the parties agreed that the plea agreement in the criminal action also provided that the remaining seven "vehicles and titles seized by the Indiana State Police and Madison County Sheriff[']s Department ... shall be returned to ... Combs in good condition with minimum towing and storage fees...." *Id.* at 42. The parties also agreed that the State's "Complaint for Forfeiture filed on December 11, 2007[,] should be dismissed with prejudice." *Id.* at 43. The court accepted the parties' stipulation that same day. The CCS in the civil action shows that the plaintiffs "appear[ed] by Evan B. Broderick, Deputy Prosecuting Attorney," who had also executed the July 14 Stipulation.

According to Combs, the State Police then retained a hold on the vehicles through at least August 6, in violation of the July 14 Stipulation, which had caused "an estimated $47,355 towing and storage fees" to McClead's up to August 6. *Id.* at 24. After receiving a letter from Combs' attorney, the State Police delivered to Combs the titles of the seized vehicles on August 20, but the State Police refused to pay the towing and storage fees. That same day, Combs attempted to recover his vehicles, but McClead's refused to release them without payment. Combs inspected his vehicles and learned that they "were not held securely in good condition." *Id.* Combs also learned that McClead's fees had accumulated to an excess of $52,000 as of August 20.

On September 8, 2008, Combs' counsel filed a motion for specific performance and contempt in the civil action ("the September 8 Motion"). Combs' attorney served the September 8 Motion on Madison County Deputy Prosecutor Evan Broderick, in Anderson, and two Indiana State Troopers in Pendleton. In that motion's request for relief, Combs requested the court "to order specific performance of the State of

**2.** Combs' plea agreement is dated June 2, 2008, but a separate stipulation filed on July 14 in the civil action states that the trial court accepted Combs' plea agreement on May 30, 2008. Appellant's App. at 41–42.

Indiana and the Indiana State Police to return all vehicles unlawfully seized ... and to pay/waive all towing and storage fees in compliance with the Court Orders and Plea agreements...." *Id.* at 25.

On October 14, the court held a hearing on the September 8 Motion. According to the CCS, the plaintiffs "appear[ed] by Prosecutor [Thomas] Broderick." *Id.* at 3. Prosecutor Broderick objected to the filing of the September 8 Motion in an action that had been "[d]ismissed with prejudice" and also to Combs' "request for specific performance as it relates to the criminal [action] rather than [the] civil [action]...." *Id.* at 72. Broderick also asserted that Combs' motion should have been brought as a separate action, that McClead's should have been a named party, and that the State was "entitled ... [to] have the Attorney General come in and represent" it against Combs' motion, *Id.* at 74. The court took the parties' arguments under advisement.

On December 9, 2008, the court entered the following order on Combs' September 8 Motion: "the Court being duly advised finds *the relief requested should and shall be granted.* It is therefore Ordered that the Indiana State Police shall make arrangements for the immediate return of [Combs'] vehicles *as set forth in the pleadings.*" *Id.* at 3 (emphases added) ("the December 9 Order"). The CCS in the civil action shows that the December 9 Order was served on the local prosecutor. Thereafter, the State Police authorized "the release and return of the property," but again refused to pay for the towing and storage fees. *Id.* at 50; Appellant's Brief at 5. Neither the State nor the State Police, parties of record in the civil action, appealed the December 9 Order.

On February 12, 2009, Combs filed a motion for rule to show cause captioned under both the civil action and the criminal action. Combs requested that the State Police be held in contempt for not abiding by the terms of the July 14 Stipulation or the December 9 Order, namely, by not paying McClead's towing and storage fees, which had since accumulated to an excess of $70,000. Combs' attorney served the February 12 motion on the "Madison County Prosecutor" and one of the two state troopers previously served with the September 8 Motion. Appellant's App. at 28. On March 5, the State Police filed a response, via the Indiana Attorney General, asserting itself to be a nonparty to the actions. The State Police also asserted that it had "obeyed the ... order to the extent it legally can [and that Combs had] failed to cite to any Indiana authority in support of [his] position that law enforcement is responsible for the storage and towing costs associated with the lawful seizure of property." *Id.* at 50. The court held a hearing on the motion on April 28, at which time McClead's towing and storage fee had accumulated to an excess of $84,000.

On May 13, 2009, the court entered its order with findings and conclusions thereon. Although the court did not hold the State or the State Police in contempt, it did hold that Combs was entitled to relief. Specifically, the court found as follows:

VIII. The Court finds that [Combs] never contracted with [McClead's]. The Indiana State Police is solely responsible for the vehicles having been towed to McClead's. [Combs] has a right to insist that the vehicles be retrieved and/or returned to him per the plea agreement and prior Court Orders.

IX. The Court finds that the Indiana State Police shall be responsible for all towing and storage fees up to a maximum statutory amount of [$1,500] per

Indiana Code [Section] 32–33–10–5.[3] The final bill is to be negotiated between Indiana State Police and [McClead's], up to the stated statutory maximum.

X. The Court further finds that [McClead's] shall release [Combs'] vehicle[s] to [Combs] forthwith. [Combs] shall be responsible for the costs of such retrieval.

*Id.* at 55. This appeal ensued.

## DISCUSSION AND DECISION

The State, on behalf of the State Police, appeals from the trial court's judgment, which includes findings of fact and conclusions thereon. Our standard of review in such appeals is well established. As our supreme court has stated:

> The trial court's order includes findings of fact and conclusions of law pursuant to Trial Rule 52. The findings or judgment are not to be set aside unless clearly erroneous, and due regard is to be given to the trial court's ability to assess the credibility of the witnesses. We disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. We do not reweigh the evidence; rather we consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment. A judgment is clearly erroneous under Trial Rule 52 if it relies on an incorrect legal standard.

*Yoon v. Yoon,* 711 N.E.2d 1265, 1268 (Ind. 1999) (citations omitted).

We note that Combs did not file an appellee's brief. Accordingly, we do not undertake the burden of developing arguments for the appellee, as that duty remains with him. *Railing v. Hawkins,* 746 N.E.2d 980, 982 (Ind.Ct.App.2001). Normally when the appellee does not file a brief, we apply a less stringent standard of review and may reverse the trial court when the appellant establishes prima facie error. *Id.* "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.* (quoting *Johnson County Rural Elec. Membership Corp. v. Burnell,* 484 N.E.2d 989, 991 (Ind.Ct.App.1985)). Nonetheless, the burden of demonstrating trial court error remains with the appellant. *See In re Estate of Wheat,* 858 N.E.2d 175, 181 (Ind.Ct.App.2006).

The State raises several arguments on appeal challenging the trial court's May 2009 judgment.[4] But we initially note the

---

3. That law provides as follows:

   (a) A person engaged in:
   (1) towing, repairing, storing, servicing, or furnishing supplies or accessories for motor vehicles, airplanes, construction machinery and equipment, and farm machinery; or
   (2) maintaining a motor vehicle garage, an airport or repair shop for airplanes, or a repair shop or servicing facilities for construction machinery and equipment and farm machinery;
   has a lien on any motor vehicle or airplane or any unit of construction machinery and equipment or farm machinery towed, stored, repaired, serviced, or maintained for the person's reasonable charges for the towing, repair work, storage, or service, including reasonable charges for labor, for the use of tools, machinery, and equipment, and for all accessories, materials, gasoline, oils, lubricants, and other supplies furnished in connection with the towing, repair, storage, servicing, or maintenance of the motor vehicle, airplane, unit of construction machinery and equipment, or farm machinery.
   (b) The costs of storing a motor vehicle may not exceed one thousand five hundred dollars ($1,500).
   I.C. § 32–33–10–5.

4. The State also obliquely suggests that all filings in the civil action after the July 14 Stipulation must be moot because, pursuant to that stipulation, the civil action was dismissed with prejudice. *See* Appellant's Brief at 9. The State does not, however, develop those assertions with cogent reasoning, nor

State's numerous suggestions that the trial court erred on the merits when it ordered the State Police to pay, or negotiate a payment for, McClead's towing and storage fees. The State's argument on this issue disregards the procedural posture of this appeal.

In the September 8 Motion, Combs expressly asked the trial court to order the State Police to pay McClead's towing and storage fees. In its December 9 Order on the September 8 Motion, the trial court ordered as follows: "the Court being duly advised finds *the relief requested should and shall be granted.* It is therefore Ordered that the Indiana State Police shall make arrangements for the immediate return of [Combs'] vehicles *as set forth in the pleadings.*" Appellant's App. at 3 (emphases added). By using the language "the relief requested should and shall be granted" and "as set forth in the pleadings," the trial court unambiguously adopted Combs' September 8 request for the State Police to pay McClead's towing and storage fees. *See id.*

▮ Here, the State asserts that the December 9 Order is ambiguous. If it were, then it was incumbent on the State or the State Police either to appeal that order or to ask the trial court to clarify its order. Neither the State nor the State Police took those actions. Instead, the State Police continued to refuse to pay McClead's storage fees, which resulted in Combs filing the February 2009 contempt request. The trial court's May 2009 judgment, from which the State now appeals, was an order on that February request. Although the court reiterated the State Police's obligations to pay McClead's fees in the May 2009 judgment, ultimately the court declined to hold the State Police in

contempt despite its failure to follow the December 9 Order.

▮ Thus, to the extent the State challenges the May 2009 judgment by challenging the December 9 Order for the State Police to pay McClead's fees, the State's attempt is misguided. As we have explained:

> Contempt proceedings are not actions designed to correct errors previously made by trial courts. Collateral attack of a previous order is allowed in a contempt proceeding only if the trial court lacked subject matter or personal jurisdiction to enter the order. There is no such claim in this case. Even an erroneous order must be obeyed unless and until reversed on appeal. A party's remedy for an erroneous order is appeal; disobedience of the order is contempt. Therefore, any attempt by [the appellant] to excuse [its] failure to cooperate with the trial court's orders because [it] did not agree with them fails. [It] was required to comply with the orders and to challenge the merits of the orders through the proper channels.

*Lasater v. Lasater,* 809 N.E.2d 380, 387–88 (Ind.Ct.App.2004) (citations omitted). Accordingly, the State may not use this appeal as a vehicle for challenging the merits of the trial court's December 9 Order, in which the court first ordered the State Police to pay McClead's towing and storage fees.

▮ Nonetheless, the State also argues that the State Police was not a party to the civil action and/or the State Police was not properly served with some combination of the July 14 Stipulation, the September 8 Motion, the December 9 Order, or the filings in the February–May 2009 con-

---

does the State cite any authority for the proposition that a trial court cannot reconsider or enforce a prior judgment. We therefore do not consider that argument. *See* Ind. Appellate Rule 46(A)(8)(a).

tempt proceedings. Specifically, the State argues, in two footnotes, that "a local prosecutor can initiate civil forfeiture proceedings" and "represent [ ] the Indiana State Police in the forfeiture action," but he or she cannot "represent [ ] the Indiana State Police Department regarding a claim of contempt" in those same proceedings. Appellant's Brief at 4 n. 1, 11 n. 6. The State also categorically asserts that "[t]he Madison County Prosecutor does not represent the Indiana State Police, and [he] did not represent the interests of the State Police at [the contempt] hearing." *Id.* at 10. We cannot agree.

The State's argument on this issue ignores the plain language of Indiana Code Section 34–24–1–3, which authorizes the "prosecuting attorney for the county in which the seizure occurs" to bring a civil forfeiture action "in the name of ... the state and the unit that employed the law enforcement officers who made the seizure." Thus, Indiana law expressly authorizes the local prosecutor to represent the State and the State Police in some civil forfeiture actions. That is what happened here when the Madison County Prosecutor's office acted in the name of the State and the State Police in the civil forfeiture action.

Further, the July 14 Stipulation, the September 8 Motion, the December 9 Order, and the judgment now appealed from were all filed in the civil action, and each of those motions or orders was served on or executed by the Madison County Prosecutor's office, which, again, was representing both the State and the State Police in accordance with Indiana Code Section 34–24–1–3. And there is no provision in that law to suggest that the scope of the local prosecutor's representation in such actions is somehow limited. Rather, the State would have this court rewrite the law on appeal, which we will not do. Accordingly,

we hold that the State's argument that either it or the State Police were not properly parties to the civil action or not properly served with documents in that action is contrary to the plain language of Indiana Code Section 34–24–1–3.

█ Finally, the State asserts that Combs' September 8 Motion "was flawed" because the plea agreement in the criminal action was not executed by the State Police and it did not order the State Police to return the seized vehicles. *Id.* at 9. But, again, the State's argument ignores the filings in the civil action, to which the State Police was a party. *See* I.C. 34–24–1–3. In the July 14 Stipulation, the State Police, through the Madison County Prosecutor, expressly acknowledged its obligation to release the seized vehicles to Combs. In the September 8 Motion, Combs expressly requested the court to order the State Police to pay the towing and storage fees. And in the December 9 Order, the trial court expressly granted the "relief requested" by September 8 Motion and ordered the State Police to "make arrangements for the immediate return of [Combs'] vehicles as set forth in the pleadings." Appellant's App. at 3. Thus, the State Police was a party to the July 14 Stipulation and the December 9 Order ordered the State Police to return Combs' vehicles to him and to pay McClead's fees. As such, the State's final argument is also without merit.

In sum, we hold that the State may not use this appeal from the trial court's order on Combs' contempt request to collaterally attack the December 9 Order. We also hold that the State and State Police were represented in the civil action by the Madison County Prosecutor pursuant to Indiana Code Section 34–24–1–3, and that service on the Madison County Prosecutor's office was service on the State and the State Police in the civil action. Final-

ly, we hold that the State's attempt to challenge the language of the plea agreement in the criminal action has no bearing on the State and the State Police's July 14 Stipulation or subsequent filings in the civil action.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.