**STATE of Indiana, Appellant–Respondent,**

v.

**Jaime BONILLA, Appellee–Petitioner.**

**No. 49A02–1102–PC–144.**

Court of Appeals of Indiana.

Nov. 29, 2011.

Gregory F. Zoeller, Attorney General of Indiana, Joby B. Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

## OPINION

MAY, Judge.

Jaime Bonilla pled guilty to theft in 2005, and in 2010 he sought and was granted post-conviction relief on the ground his counsel was ineffective for failing to advise him that his guilty plea might have immigration-related consequences. We reverse.

### FACTS AND PROCEDURAL HISTORY

Bonilla entered a plea of guilty to Class A misdemeanor theft.[1] He later sought post-conviction relief, alleging his trial counsel was ineffective because counsel did not advise Bonilla of the adverse immigration consequences of his guilty plea. Bonilla testified he would not have entered the plea if he had known the conviction would negatively affect his immigration status, but he did not call other witnesses or present additional evidence to that effect. The post-conviction court vacated Bonilla's conviction.

### DISCUSSION AND DECISION

Bonilla did not file an appellee's brief. Accordingly, we do not undertake the burden of developing arguments for Bonilla, as that duty remains with him. *See State v. Combs,* 921 N.E.2d 846, 850 (Ind.Ct. App.2010) (declining to develop arguments for appellee who did not file a brief). When the appellee does not file a brief, we apply a less stringent standard of review and may reverse when the appellant establishes *prima facie* error. *Id. "Prima facie"* is defined as "at first sight, on first appearance, or on the face of it." *Id.* Nonetheless, the burden of demonstrating trial court error remains with the appellant, *id.,* here the State.

We reverse a judgment granting post-conviction relief only on a showing of "clear error"—error that leaves us with a definite and firm conviction that a mistake has been made. *State v. Eiland,* 707 N.E.2d 314, 315 (Ind.Ct.App.1999), *adopted and incorporated by reference* 723 N.E.2d 863 (Ind.2000). "Clear error" review requires the reviewing court to assess whether there is *any* way the trial court could have reached its decision. *Id.* We defer substantially to findings of fact but not to conclusions of law. *Id.*

1. Ind.Code § 35–43–4–2.

The controlling law at the time of Bonilla's guilty plea[2] was represented by *Segura v. State*, 749 N.E.2d 496 (Ind.2001). Segura's petition for post-conviction relief alleged his trial counsel was ineffective because he did not tell Segura he could be deported as a result of his guilty plea. Segura's trial counsel testified the two did not discuss deportation as a possible consequence of the guilty plea. The *Segura* Court determined failure to advise of the consequence of deportation can, under some circumstances, amount to deficient performance:

> Whether it is deficient in a given case is fact sensitive and turns on a number of factors. These presumably include the knowledge of the lawyer of the client's status as an alien, the client's familiarity with the consequences of conviction, the severity of criminal penal consequences, and the likely subsequent effects of deportation. Other factors undoubtedly will be relevant in given circumstances.

*Id.* at 500.

Segura's post-conviction court found no deficient performance on counsel's part. *Id.* "It is not clear, however, whether this was a holding that, as a matter of law, the failure to advise Segura of the risk of deportation was merely a collateral matter, or whether this was a finding of adequate performance on the facts of this case." *Id.* Because Segura did not show he was prejudiced,[3] the *Segura* Court did not address that issue. *Id.*

■ As Bonilla did not establish prejudice in the case before us, we must reverse the grant of post-conviction relief. To state a claim for post-conviction relief in a situation like that before us, a petitioner may not simply allege a plea would not have been entered. *Id.* at 507. Nor is a petitioner's conclusory testimony to that effect sufficient to prove prejudice. *Id.* To demonstrate prejudice from counsel's omission or misdescription of penal consequences that attach to a plea, the petitioner must allege "special circumstances" or "objective facts" supporting the conclusion the decision to plead was driven by the erroneous advice. *Id.* Merely alleging the petitioner would not have pleaded is insufficient. Specific facts, in addition to the petitioner's conclusory allegation, must establish an objective reasonable probability that competent representation would have

---

**2.** The State argues at length that the trial court should not have retroactively applied *Padilla v. Kentucky*, ─── U.S. ───, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), which held counsel was deficient for failing to advise Padilla that his plea of guilty made him subject to automatic deportation. We need not address the retroactive application of *Padilla*, as its holding was consistent with Indiana decisions that predated *Padilla* and Bonilla's plea. For example, in *Williams v. State*, 641 N.E.2d 44, 49 (Ind.Ct.App.1994), *trans. denied*, we held: "It is our firm belief that the consequence of deportation, whether labeled collateral or not, is of sufficient seriousness that it constitutes ineffective assistance for an attorney to fail to advise a noncitizen defendant of the deportation consequences of a guilty plea." There, the petitioners "were put on notice by their attorneys regarding the deportation consequences of their guilty pleas," so we upheld the denial of post-conviction relief. *Id.* at 51. *And see Segura v. State*, 749 N.E.2d 496, 500 (Ind.2001) ("We agree with the Court of Appeals that the failure to advise of the consequence of deportation can, under some circumstances, constitute deficient performance.").

**3.** To establish a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Woods v. State*, 701 N.E.2d 1208, 1224 (Ind. 1998), *reh'g denied, cert. denied*. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *Id.*

caused the petitioner not to enter a plea. *Id.* Segura offered "nothing more than the naked allegation that his decision to plead would have been affected by counsel's advice." *Id.* at 508.

Nor did Bonilla allege special circumstances or objective facts demonstrating his decision to plead was driven by his counsel's erroneous advice. He told the court his counsel had not advised him a guilty plea would affect his immigration status and, had he known it would, he would not have pled guilty. But he offered no additional testimony, witnesses, or evidence to support that statement. As Bonilla offered only "conclusory testimony" and alleged no "special circumstances" or "objective facts," we must reverse the grant of post-conviction relief.

Reversed.

NAJAM, J., and RILEY, J., concur.