**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Sep 18 2012, 8:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VICTORIA BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARLON SIMS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1203-CR-183 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert Altice, Jr., Judge
Cause No. 49G02-1108-FC-60695

**September 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a bench trial, Marlon Sims was convicted of Robbery[1] as a class C felony and Criminal Confinement[2] as a class D felony, and he was determined to be a Habitual Offender.[3] Sims now appeals his sentence and argues that the trial court abused its discretion by overlooking significant mitigating factors.

We affirm.

On August 25, 2011, Sims's wife, Ivory Sims (Ivory), drove Sims to a Super Cuts hair salon in Indianapolis. While Ivory waited in the car, Sims went into the store and asked Felicia Green, who was the only employee working in the salon at the time, how much a haircut cost. Green told him the price, and Sims left the store and returned to the car. Ivory then parked at a gas station nearly a block away and waited in the car while Sims returned to the salon. When Sims entered the salon, he told Green to open the cash drawer. When Green attempted to stall, Sims lifted his arm and showed Green what she thought was the barrel of a gun sticking out of his shirt. It was later discovered that the item Sims displayed to Green was actually a curling iron. Green gave Sims the money from the cash register, totaling $210, and Sims then told Green to go into the restroom and stay there for ten minutes. Green went into the restroom as she was instructed, but after hearing the front door chime indicating that Sims had left, she came out and called the police. Green was able to give police a description of Sims, Ivory, and the car they were driving, and indicate which direction the car had gone. After a short pursuit, Sims and Ivory were apprehended by the police. The curling

---

[1] Ind. Code Ann. § 35-42-5-1 (West, Westlaw current with all 2012 legislation).
[2] I.C. § 35-42-3-3 (West, Westlaw current with all 2012 legislation).
[3] Ind. Code Ann. § 35-50-2-8 (West, Westlaw current with all 2012 legislation).

iron was found in the car, along with $210 in precisely the same denominations that were taken from the salon.

As a result of these events, the State charged Sims and Ivory jointly with class C felony robbery and class D felony criminal confinement. Ivory was also charged with Class D felony resisting law enforcement, and the State filed a habitual offender allegation against Sims. Sims and Ivory waived their rights to a jury trial, and after a joint bench trial, both were found guilty of robbery and criminal confinement and Ivory was acquitted of the resisting charge. Sims then pleaded guilty to the habitual offender allegation. The trial court sentenced Sims to concurrent terms of 6 years for the robbery conviction and 545 days for the criminal confinement conviction, and enhanced the robbery conviction by 8 years as a result of the habitual offender adjudication. Thus, Sims received an aggregate sentence of fourteen years in the Department of Correction. Sims now appeals.

As an initial matter, we note that the State has not filed an appellee's brief in this case. Accordingly, we apply a less stringent standard of review and will reverse if the appellant establishes prima facie error, which is error at first sight or on the face of it. *State v. Moriarty*, 832 N.E.2d 555 (Ind. Ct. App. 2005). However, this rule is not intended to benefit the appellant, but rather to relieve this court of the burden of developing arguments on the appellee's behalf. *Id.* The burden of demonstrating trial error remains with the appellant. *State v. Combs*, 921 N.E.2d 846, 850 (Ind. Ct. App. 2010).

Turning now to the merits of this appeal, Sims argues that the trial court abused its discretion in failing to identify two allegedly significant mitigating factors: his acceptance of responsibility for his crimes and his remorse. Sentencing decisions rest within the sound

3

discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* at 491 (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).

A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Anglemyer v. State*, 868 N.E.2d 482. Even if the trial court is found to have abused its discretion in sentencing the defendant, "the sentence will be upheld if it is appropriate in accordance with Indiana Appellate Rule 7(B)." *Felder v. State*, 870 N.E.2d 554, 558 (Ind. Ct. App. 2007) (citing *Windhorst v. State*, 868 N.E.2d 504 (Ind. 2007)).

The only mitigating circumstances Sims advanced for consideration at his sentencing hearing were his remorse and his acceptance of responsibility for his crimes. In articulating its reasons for imposing Sims's sentence, the trial court identified Sims's extensive criminal history[4] as an aggravating factor and his agreement to waive his right to a jury trial as a

---

[4] The trial court specifically excluded the convictions that formed the basis of Sims's habitual offender adjudication from its consideration of Sims's criminal history as an aggravating circumstance, apparently because it believed it was required to do so. We note, however, that our Supreme Court has held that "when a trial court uses the same criminal history as an aggravator and as support for a habitual offender finding, it does not constitute impermissible double enhancement of the offender's sentence." *Pedraza v. State*, 887 N.E.2d 77, 80 (Ind. 2008).

mitigating factor. The trial court did not mention Sims's alleged remorse or acceptance of responsibility for his crimes.[5]

An allegation that the trial court failed to identify a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer v. State*, 868 N.E.2d 482. A sentencing court is not obligated to find a circumstance to be mitigating merely because it is advanced as such by the defendant, nor is it required to explain why it chose not to make a finding of mitigation. *Felder v. State*, 870 N.E.2d 544. A trial court does not abuse its discretion in failing to find a mitigating factor that is highly disputable in nature, weight, or significance. *Rogers v. State*, 878 N.E.2d 269 (Ind. Ct. App. 2007), *trans. denied*.

With respect to Sims's argument concerning his alleged remorse, we note that this court has held that "our review of a trial court's determination of a defendant's remorse is similar to our review of credibility judgments: without evidence of some impermissible consideration by the trial court, we accept its determination." *Hape v. State*, 903 N.E.2d 977, 1002-03 (Ind. Ct. App. 2009), *trans. denied*. We note that Sims expressed remorse at his

---

[5] The court also explicitly rejected Sims's history of substance abuse as a mitigating factor, concluding that "[h]e's had opportunities to get help in the past, he's 55 years of age. He knows what he's got to do." *Transcript* at 126. Sims seems to suggest that it was somehow error for the trial court to make such a finding because Sims never asked the trial court to consider his history of substance abuse as a mitigating factor. We do not believe it is an abuse of discretion for a trial court to *sua sponte* consider a possible mitigating factor that the defendant failed to bring to its attention.

sentencing hearing and apologized to Green; however, the trial court was in no way obligated to accept Sims's expression of remorse as genuine, particularly in light of Sims's extensive criminal history, which includes six previous robbery convictions. In the absence of any assertion or evidence that the trial court engaged in any impermissible considerations, we conclude that the trial court did not abuse its discretion in failing to find Sims's alleged remorse as a significant mitigating circumstance.

We reach the same conclusion with respect to Sims's alleged acceptance of responsibility for his crimes. In support of his argument in this regard, Sims points out that although he did not plead guilty to the charged crimes, he waived his right to a jury trial and testified to the facts underlying his convictions, and subsequently pleaded guilty to the habitual offender allegation. As an initial matter, we note that the trial court did, in fact, recognize Sims's waiver of his right to a jury trial as a mitigating factor. We believe that this finding was intended to encompass Sims's claim that he had accepted responsibility for his new crimes. To the extent Sims argues that the trial court should have recognized his guilty plea to the habitual offender allegation as an acceptance of responsibility, we note that a guilty plea does not rise to the level of significant mitigation where the evidence against the defendant is such that the decision to plead guilty is merely a pragmatic one and not indicative of acceptance of responsibility and remorse. *Anglemyer v. State*, 868 N.E.2d 482; *Brown v. State*, 907 N.E.2d 591 (Ind. Ct. App. 2009). The State would have had little difficulty in proving the habitual offender allegation in light of the clear evidence of Sims's criminal history. Accordingly, we believe that his decision to plead guilty to the allegation was more likely the result of pragmatic concerns than a true expression of personal

6

accountability. Therefore, we do not find that Sims's purported acceptance of responsibility by pleading guilty to the habitual offender allegation is a significant mitigating factor.

In any event, even if we were to conclude that the trial court had abused its discretion, we would affirm the sentence imposed because it is not inappropriate under Ind. Appellate Rule 7(B). *See Felder v. State*, 870 N.E.2d 554; *Mendoza v. State*, 869 N.E.2d 546 (Ind. Ct. App. 2007), *trans. denied*. Under App. R. 7(B), this court has the authority to revise a sentence if, after consideration of the trial court's decision, we conclude the sentence is inappropriate in light of the nature of the offense and character of the offender. Sims received a six-year sentence for his class C felony robbery conviction, which is two years above the advisory sentence and two years below the maximum. *See* I.C. § 35-50-2-6 (West, Westlaw current with all 2012 legislation). Sims also received a concurrent 545-day sentence for his class D felony criminal confinement conviction, which is two days short of the one and one-half year advisory sentence. *See* I.C. § 35-50-2-7 (West, Westlaw current with all 2012 legislation). Additionally, although Sims's robbery conviction could have been enhanced by up to twelve years for the habitual offender adjudication, the trial court only imposed an eight-year enhancement. *See* I.C. § 35-50-2-8(h). Thus, Sims received a fourteen-year aggregate sentence.

The nature of the offense in this case is not particularly heinous, but Sims's character alone, as evidenced by his lengthy criminal history, easily supports the sentence imposed. This is Sims's seventh robbery conviction. Sims also has two theft convictions, one of which was entered as a class A misdemeanor. Sims has a number of other misdemeanor convictions, and his probation has been revoked twice. Under these facts and circumstances,

the trial court demonstrated considerable lenience when it imposed a fourteen-year aggregate sentence. Because we conclude that Sims's sentence was not inappropriate, we affirm.

Judgment affirmed.

BROWN, J., and PYLE, J., concur.