## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 29 2015, 8:46 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Jonathan O. Chenoweth
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Elsor Matthews,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | September 29, 2015<br><br>Court of Appeals Case No.<br>27A05-1503-PC-116<br><br>Appeal from the Grant Circuit Court<br><br>The Honorable Mark E. Spitzer, Judge<br><br>Trial Court Cause No.<br>27C01-1412-PC-21 |

**Crone, Judge.**

# Case Summary

Elsor Matthews appeals the denial of his petition for postconviction relief. He challenges the adequacy of the factual basis underlying his guilty plea to class D felony intimidation. Concluding that Matthews has not met his burden to establish that the evidence, as a whole, unmistakably and unerringly points to a conclusion contrary to the postconviction court's decision, we affirm.

# Facts and Procedural History

On November 20, 2003, the State charged Matthews with class D felony intimidation.[1] Specifically, the State alleged:

> [O]n or about November 18, 2003 in Grant County, State of Indiana, Elsor Matthews Jr. did communicate a threat to commit a forcible felony to Rhonda Smith, with the intent that Rhonda Smith be placed in fear of retaliation for a prior lawful act, to-wit: calling the police; contrary to the form of the statutes in such cases made and provided by I.C. 35-45-2-1(a)(2) and against the peace and dignity of the State of Indiana.

Petitioner's Ex. E. The probable cause affidavit filed contemporaneously provided in relevant part:

> 3. That victim – Rhonda Smith said her ex-boyfriend Elsor Matthews came to the residence yelling at her and asking her who she had been sleeping with. She told him she had not been sleeping with anyone. She said he punched her in the face and

---

[1] The State charged Matthews with three additional crimes to which, as noted later, he also pled guilty; however, Matthews does not challenge those convictions or the factual bases underlying those guilty pleas.

she grabbed the phone and ran down the street. She said Mr. Matthews told her if she called the police he would kill her.

Petitioner's Ex. D.

[3] Matthews agreed to plead guilty to this crime as well as three additional crimes that are not at issue here. During the guilty plea hearing, the following colloquy occurred:

> BY THE COURT: Alright. Tell me what you did on November 18th, a little less than two months ago that makes you guilty of these four crimes?
> BY THE DEFENDANT: Well, me and Rhonda Smith got into it and I hit her.
> BY THE COURT: Okay. On that date, were you and Rhonda Smith in Grant County, Indiana?
> BY THE DEFENDANT: Yes, sir.
> BY THE COURT: Did you threaten her in some way?
> BY THE DEFENDANT: Yes, sir.
> BY THE COURT: How did you threaten her? What did you tell her?
> BY THE DEFENDANT: I told her … I don't know. I said so much. I told her that I would … I told her that I would kill her if she called the police.
> BY THE COURT: Okay. Why was she going to call the police?
> BY THE DEFENDANT: I don't know cause she said she would cause we was in a fight, arguing.
> BY THE COURT: Okay. So on that same day, is it a fact that you touched her or hit her in a rude, insolent or angry manner?
> BY THE DEFENDANT: Yes, sir.
> BY THE COURT: And that caused some injury to the left side of her face?
> BY THE DEFENDANT: Yes, sir.
> BY THE COURT: A red mark around her eye. Is that true?
> BY THE DEFENDANT: Yes, sir.

BY THE COURT: Okay and then she indicated to you that she was going to call the police?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: And you told her you would kill her if she called the police to report the fact that you would hit her. Is that true?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Okay. Now on that same day, is it also true that you were under a protective order issued by Grant Superior Court number three in 27D03-0310-PO-347?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: And is it true that that protective order prevented you or restricted you from bothering Rhonda Smith?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: And you knew that you were violating that order at the time that you were with her. Is that true?

BY THE DEFENDANT: Yes, sir.

Petitioner's Ex. A at 10-11.

[4] The trial court accepted Matthews's guilty plea and sentenced him to three years, with one year executed and two years suspended to probation. Matthews subsequently violated his probation by committing new offenses of aggravated battery, intimidation, and invasion of privacy against Rhonda Smith. Thus, his suspended sentence was ordered executed.

[5] On October 19, 2012, Matthews filed a pro se petition for postconviction relief. Counsel entered an appearance on his behalf and filed an amended petition on July 31, 2014. Following an evidentiary hearing, the postconviction court entered its findings of fact and conclusions of law denying Matthews's petition for relief. This appeal ensued.

## Discussion and Decision

Our standard of review for postconviction proceedings is well settled. Postconviction proceedings are civil in nature and the petitioner must prove his grounds for relief by a preponderance of the evidence. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002). Because a defendant appealing from the denial of postconviction relief is appealing from a negative judgment, he bears the burden of proof and must establish that the evidence, as a whole, unmistakably and unerringly points to a conclusion contrary to the postconviction court's decision. *Wilkes v. State*, 984 N.E.2d 1236, 1240 (Ind. 2013). "In other words, the defendant must convince this Court that there is *no* way within the law that the court below could have reached the conclusion it did." *Id.* (citation omitted). We will reverse a postconviction court's findings and judgment only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made. *Campbell v. State*, 19 N.E.3d 271, 274 (Ind. 2014).

Matthews's sole contention on appeal is that there is an inadequate factual basis to support his guilty plea to class D felony intimidation. It is well established that a court may not accept a guilty plea unless the court determines that a sufficient factual basis exists to support the plea. *Graham v. State*, 941 N.E.2d 1091, 1098 (Ind. Ct. App. 2011); *see* Ind. Code § 35-35-1-3. "A factual basis may be established by relatively minimal evidence about the elements of the crime from which the court could reasonably conclude that the defendant is guilty." *Graham*, 941 N.E.2d at 1098. A trial court's determination of a

sufficient factual basis is presumptively correct. *Id*. Additionally, the standard for an adequate factual basis to support a guilty plea is less rigorous than that required to support a conviction. *Id*. "'Reasonably concluding' that a defendant is guilty for purposes of a factual basis is not the same as concluding guilt beyond a reasonable doubt." *Id*. (quoting *Rhoades v. State*, 675 N.E.2d 698, 702 (Ind. 1996)).

[8] Indiana Code Section 35-45-2-1(a) provides in relevant part that "[a] person who communicates a threat to another person, with the intent: (1) that the other person engage in conduct against the other person's will" or "(2) that the other person be placed in fear of retaliation for a prior lawful act[,]" commits class A misdemeanor intimidation. The offense is a class D felony if the threat is to commit a forcible felony. Ind. Code § 35-45-2-1(b)(1)(A).

[9] Here, Matthews claims that his testimony at the guilty plea hearing does not establish that the threat he communicated to Smith was intended to place her in fear of retaliation of a "prior" lawful act as provided by Indiana Code Section 35-45-2-1(a)(2), and as charged by the State. Instead, he argues, his threat was made to prevent her from calling the police, an act which would have been subsequent to the threat. The postconviction court agreed, as do we, with this assertion.

[10] However, the postconviction court found that Matthews's testimony at the guilty plea hearing clearly established that he committed the offense of intimidation as provided in subsection (a)(2) of the intimidation statute, which

requires that the threat be made with the intent that the other person engage in conduct against her will. Ind. Code § 35-45-2-1(a)(2). As noted by the postconviction court, this Court has held that the offense of intimidation encompasses a threat made with the intent that someone remain silent and refrain from acting, which includes refraining from alerting the police by remaining silent. *Johnson v. State*, 717 N.E.2d 887, 890 (Ind. Ct. App. 1999). The postconviction court went on to conclude that any variance between the subsection of the intimidation statute under which Matthews was charged, and his testimony providing a factual basis for his guilty plea, was immaterial under the circumstances.

As a general matter, a "variance" is a difference between the pleading and proof at trial. *Allen v. State*, 720 N.E.2d 707, 713 (Ind. 1999). Not all variances are material and thus not all variances require reversal. *Id*. "Relief is required only if the variance (1) misled the defendant in preparing a defense, resulting in prejudice, or (2) leaves the defendant vulnerable to future prosecution under the same evidence." *Blount v. State*, 22 N.E.3d 559, 569 (Ind. 2014). It is significant here that a trial did not occur and that Matthews was confronted with neither of the abovementioned concerns regarding defense preparation or future prosecution. In considering Matthews's claims regarding the variance, the postconviction court reasoned that he had presented no evidence that he was prejudiced by the fact that he was charged under subsection (a)(2) of the intimidation statute rather than subsection (a)(1), that the offense constituted a class D felony regardless due to his threat to commit a forcible felony, and that

"it would be unreasonable to assume that this immaterial variance would have affected his decision to plead guilty in any way." Appellant's App. at 86.

[12] We find the postconviction court's reasoning well taken.[2] Our supreme court has held that prejudice must be established before postconviction relief can be granted on grounds of failure to establish a factual basis for a guilty plea. *State v. Eiland*, 723 N.E.2d 863, 864 (Ind. 2000). We agree with the postconviction court that the factual basis provided by Matthews's testimony at the guilty plea hearing is adequate to support his guilty plea to class D felony intimidation, and even assuming inadequacy, Matthews has not shown that he suffered prejudice. Under the circumstances, we cannot say that Matthews has met his burden to establish that the evidence, as a whole, unmistakably and unerringly points to a conclusion contrary to the postconviction court's decision. The judgment of the postconviction court is affirmed.

[13] Affirmed.

May, J., and Bradford, J., concur.

---

[2] In his reply brief, Matthews directs us to *Blackmon v. State*, 32 N.E.3d 1178, 1183 (Ind. Ct. App. 2015), to support his argument that the variance between the allegation in the charging information and his factual basis testimony at the guilty plea hearing was material and fatal to his plea. While we need not recite the complicated factual background of *Blackmon*, we note that *Blackmon* involved a full trial and conviction beyond a reasonable doubt, as opposed to a guilty plea, and that there was some indication in the record that the defendant may have been misled in the preparation of his defense. Such is not the case here, and therefore the *Blackmon* majority's reasoning is inapposite.