**Alfrazier DEWITT, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 45S04–0104–PC–221.**

Supreme Court of Indiana.

Sept. 13, 2001.

Susan K. Carpenter, Public Defender of Indiana, James T. Acklin, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## ON PETITION TO TRANSFER

RUCKER, Justice.

Alfrazier Dewitt pleaded guilty to burglary in 1978. He filed a petition for post-conviction relief several years later attacking the validity of his plea on several grounds. The post-conviction court denied relief. Finding one of the grounds dispositive, the Court of Appeals reversed. We disagree and affirm the post-conviction court on all grounds.

### Factual and Procedural History

On May 31, 1978, Dewitt broke into a Gary, Indiana gas station and was apprehended inside by police. At his arraignment on June 15, 1978, Dewitt pleaded not guilty and requested a trial by jury. However, on October 18, 1978, Dewitt entered into a written plea agreement with the State. In exchange for Dewitt pleading guilty to burglary as a Class C felony, the State agreed to recommend probation. That same day, the trial court conducted a guilty plea hearing and accepted Dewitt's guilty plea. On October 31, 1978, the trial court ordered Dewitt to serve a two-year suspended sentence with two years of probation.

Nearly fourteen years later, on July 6, 1992, Dewitt filed a petition for post-conviction relief. He amended his petition seven years later, raising several issues regarding the validity of his guilty plea. After conducting an evidentiary hearing on April 19, 2000, the post-conviction court entered findings of fact and conclusions of law denying relief. Dewitt appealed. Finding one issue dispositive, the Court of Appeals reversed the post-conviction court. More specifically, the Court of Appeals held that Dewitt's decision to plead guilty was not knowing, voluntary, and intelligent because "he made an affirmative request for a bench trial." *Dewitt v. State*, 739 N.E.2d 189, 192 (Ind.Ct.App.2000), *reh'g denied*. The State seeks transfer, contending the Court of Appeals misapplied the rigorous post-conviction standard of review. We grant the State's petition to transfer on this point and also address the remaining issues which we restate as follows: (1) did the trial court advise Dewitt that he was waiving his *Boykin* rights by pleading guilty; and (2) was there an adequate factual basis for his plea. We affirm the post-conviction court.

### Standard of Review

A petitioner who has been denied post-conviction relief faces a rigorous standard of review. *Benefiel v. State*, 716 N.E.2d 906, 912 (Ind.1999), *reh'g denied,*

*cert. denied,* 531 U.S. 830, 121 S.Ct. 83, 148 L.Ed.2d 45 (2000). As such, the petitioner must convince the court on review that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Prowell v. State,* 741 N.E.2d 704, 708 (Ind. 2001). Stated differently, "[t]his Court will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." *Miller v. State,* 702 N.E.2d 1053, 1058 (Ind.1998). Further, the reviewing court accepts the post-conviction court's findings of fact unless clearly erroneous. *Ben–Yisrayl v. State,* 738 N.E.2d 253, 258 (Ind.2000).

### Discussion

#### I.

■ Dewitt first contended before the post-conviction court that his decision to plead guilty was not knowing, voluntary, and intelligent because he made an "unambiguous" request for a bench trial. Br. of Appellant at 10. In support of this contention, Dewitt directs our attention to the following discussion that took place at the beginning of his guilty plea hearing:

[COURT]: You had previously demanded trial by jury. This case is set for trial on December 4. But you may withdraw your demand and be tired [sic] by the Court. How do you wish to be tried, sir?

[DEWITT]: By the Court.

R. at 158. Dewitt argues that he thought he was requesting a bench trial by responding that he wanted to be tried "[b]y the Court."

The post-conviction court found that Dewitt did not request a bench trial by stating that he wanted to be tried "[b]y the Court." The post-conviction court explained that at the time of Dewitt's guilty plea hearing in 1978, "tried by the Court" was the "current vogue" language for a guilty plea. R. at 148. The post-conviction court then concluded that Dewitt's decision to plead guilty was knowing, voluntary, and intelligent.

Our review of the guilty plea hearing in its entirety reveals the following. During the guilty plea hearing, the trial court verified that Dewitt understood the charge against him and the possible sentencing range. After Dewitt indicated that he wanted to give up his previously invoked right to a trial by jury and instead be tried by the court, the trial court advised him that "*if* we proceeded to trial," then Dewitt would have been entitled to various rights. R. at 23 (emphasis added). Dewitt then stated that he had discussed the case fully with his attorney and that he had already signed a plea agreement with the State. The trial court discussed the details of the plea agreement with Dewitt. Specifically, the trial court warned Dewitt that the plea agreement was not binding on the court and that "[i]f the Court, after reviewing the pre-sentence investigation report[,] decides that for the good of all concerned that that is the best of all possible dispositions, you may be ordered in prison from two (2) to eight (8) years." R. at 25. The trial court then inquired, "[U]nderstanding the possible penalties, how do you plead; guilty or not guilty?" *Id.* Dewitt responded, "Guilty." *Id.* The trial court then scheduled a sentencing date.

Even if Dewitt was confused by the language "tried by the Court" that the trial court used at the beginning of the hearing, the above recounted colloquy shows that Dewitt knew, at least by the end of the hearing, that by pleading guilty he was not getting a bench trial. Applying the rigorous post-conviction standard of review, we cannot conclude that the evi-

dence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court.

## II.

Dewitt next contended before the post-conviction court that the trial court did not advise him that he was waiving his *Boykin* rights by pleading guilty. Dewitt concedes that the trial court advised him of his *Boykin* rights; however, he argues that had the trial court told him that he was waiving these rights by pleading guilty, he would not have pleaded guilty.

The post-conviction court found that Dewitt was "not credible" when he testified during the post-conviction hearing that he would not have pleaded guilty if the trial court had told him that he was waiving his *Boykin* rights by pleading guilty. R. at 151. The post-conviction court then concluded that a reading of the guilty plea hearing in its entirety "clearly" shows that Dewitt knew he was waiving these rights by pleading guilty. R. at 151–52.

■ According to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), a trial court must be satisfied that an accused is aware of his right against self-incrimination, his right to trial by jury, and his right to confront his accusers before accepting a guilty plea. *Id.* at 243, 89 S.Ct. 1709. However, *Boykin* "does not require that the record of the guilty plea proceeding show that the accused was formally advised that entry of his guilty plea waives certain constitutional rights[,]" nor does *Boykin* require that the record contain a formal waiver of these rights by the accused. *State v. Eiland*, 707 N.E.2d 314, 318 (Ind.Ct.App.1999) (quotation omitted), *reh'g denied, opinion expressly adopted by* 723 N.E.2d 863 (Ind.2000); *Barron v. State*, 164 Ind.App. 638, 330 N.E.2d 141, 144 (1975). Rather, *Boykin* only requires a conviction to be vacated if the defendant

did not know *or* was not advised at the time of his plea that he was waiving his *Boykin* rights. *Davis v. State*, 675 N.E.2d 1097, 1103 (Ind.1996); *see also United States ex rel. Miller v. McGinnis*, 774 F.2d 819, 824 (7th Cir.1985) (holding that a defendant must be "fully cognizant" that he is waiving his *Boykin* rights by pleading guilty).

■ Our review of the record confirms that the trial court did not formally advise Dewitt that he was waiving his *Boykin* rights by pleading guilty, and Dewitt did not formally waive these rights. However, as noted above, a formal advisement and waiver are not required; rather, Dewitt must have only known that he was waiving his *Boykin* rights by pleading guilty. It is clear Dewitt knew that he was waiving his right to trial by jury by pleading guilty. At the arraignment, the trial court advised Dewitt as follows: "You have a right, a constitutional right to a trial by jury or you may waive that right and be tried by the court." R. at 167–68. Although Dewitt initially chose to have a trial by jury, he expressly forfeited this right at the guilty plea hearing. R. at 158.

Further, at the guilty plea hearing, the trial court advised Dewitt after he pleaded guilty that "*if* we proceeded to trial sir, you could not be compelled to testify and if you chose not to testify that would not be considered as any evidence of guilt against you; do you understand that?" R. at 23 (emphasis added). Because the trial court spoke in terms of "if we proceeded to trial," Dewitt presumably understood that having just pleaded guilty, he was not entitled to a trial and therefore there would be no necessity for him to confront his accusers or exercise his right against self-incrimination. *See Barron*, 330 N.E.2d at 144. Accordingly, we cannot conclude that the evidence as a whole leads unerringly and unmistakably to a decision

opposite that reached by the post-conviction court.

## III.

Dewitt lastly contended before the post-conviction court that there was an inadequate factual basis for his plea because during the guilty plea hearing the prosecutor gave the wrong address of the gas station that Dewitt robbed. The facts are these. The State charged Dewitt with robbing a Martin Gas Station located at 900 Virginia Street in Gary, Indiana. R. at 10. However, during the guilty plea hearing, the prosecutor stated that the Martin Gas Station was located at 8732 Northcote in Hammond, Indiana. R. at 26. Dewitt argues that because the prosecutor gave the wrong address, "[t]he evidence points only in the direction that [he] did not commit the crime to which he pled guilty." Br. of Appellant at 20.

The post-conviction court made the following findings:

At the guilty plea hearing, the factual basis was laid down by the deputy prosecuting attorney representing the [S]tate at the guilty plea hearing. That factual basis as stated by the deputy prosecuting attorney identified the gas station as being located at 8732 Northcote in Hammond, Lake County, Indiana, rather than at 900 Virginia Street in Gary, Indiana. The petitioner however admitted that he did break into the Martin station. The defendant had also admitted to the trial court judge early in the guilty plea hearing that he fully understood the charges against him.... At the end of the guilty plea hearing, the trial court judge asked the defendant several other questions about the details of the break-in, such as the

fact that the petitioner was arrested at the scene.

R. at 147–48.

■ A trial court may not accept a plea of guilty unless it determines that a sufficient factual basis exists to support the plea. Ind.Code § 35–35–1–3(b).[1] A factual basis exists when there is evidence about the elements of the crime from which a trial court could reasonably conclude that the defendant is guilty. *Rhoades v. State,* 675 N.E.2d 698, 700 (Ind.1996). The factual basis of a guilty plea need not be established beyond a reasonable doubt. *Wilson v. State,* 707 N.E.2d 318, 320 (Ind.Ct.App.1999). Rather, relatively minimal evidence can be adequate. *Rhoades,* 675 N.E.2d at 700. To be entitled to post-conviction relief, the defendant must prove that he was prejudiced by the lack of a factual basis. *Eiland,* 723 N.E.2d at 864.

■ Our review of the guilty plea hearing shows that Dewitt told the judge that he broke into a Martin Gas Station on May 31, 1978, and police arrested him *on the scene* before he could take anything from the store. R. at 26–27. Even though the prosecutor misstated the address, this evidence is sufficient for a trial court reasonably to conclude that Dewitt is guilty. *Cf. Sangsland v. State,* 715 N.E.2d 875, 878 (Ind.Ct.App.1999) (holding that where the date is not an element of the offense, the State does not even need to prove it), *trans. denied; Mishler v. State,* 660 N.E.2d 343, 348 (Ind.Ct.App.1996) (holding that a variance between the offense charged and the proof adduced at trial only requires reversal if the variance misleads the defendant in preparation of a defense or places him in danger of double

---

1. At the time of Dewitt's guilty plea in 1978, this principle was codified at Indiana Code section 35–4.1–1–4 (1975).

jeopardy). Therefore, we cannot conclude that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court.

### Conclusion

We affirm the post-conviction court.

SHEPARD, C.J., and DICKSON and SULLIVAN, JJ., concur.

BOEHM, J., concurs as to parts I and III and concurs in result as to part II.