**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 30 2014, 9:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ERIC BARNETT, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1311-PC-989 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause No. 49G04-0002-PC-24481

**July 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Eric Barnett appeals the denial of his petition for post-conviction relief.

We affirm.

## Issue

The sole issue for our review is whether the post-conviction court erred in denying

Barnett's petition.

## Facts and Procedural History

We summarized the facts as follows in Barnett's direct appeal:

> During January 2000, [fifty-seven-year-old] Herb Valinetz ("Valinetz"), the owner of Office Pride, a janitorial services franchise, discharged Barnett from his employment. Barnett and two accomplices devised a plan to rob Valinetz in one of the office buildings where he cleaned. On January 10, 2000, Barnett and his accomplices hid in Geist Medical Plaza and overpowered Valinetz upon his arrival. The men put a bag over Valinetz's head and tied his hands and legs together. They took Valinetz's debit card and beat him until he disclosed the personal identification number necessary to obtain cash with the card. The men also took cash, cellular telephones, golf clubs and a boom box from the offices in the building. They used the debit card to make four cash withdrawals at automatic teller machines.
>
> After the beating, Valinetz crawled down a hallway to another office and summoned assistance. Valinetz was taken to a hospital and treated for the injuries he sustained in the beating, including twenty to twenty-five external bruises, multiple fractured ribs and multiple internal contusions. He was released the following day. Valinetz remained at home in bed for two days, but on the third was readmitted to the hospital where he died.

Barnett v. State, No. 49A04-0107-CR-326 (Ind. Ct. App. Feb. 25, 2002), trans. denied.

The State charged Barnett with murder, felony murder, robbery, confinement, two

counts of burglary, and three counts of theft. At a joint bench trial for Barnett and his co-

defendant, State's witness forensic pathologist Dr. Michael Clark, who supervised Valinetz's

autopsy, testified that Valinetz died as a result of "multiple blunt force injuries." Trial Tr. p. 227. During cross-examination, Dr. Clark explained that although Valinetz had severe coronary artery blockage, "if [he] had not been assaulted, he would not have died." Trial Tr. p. 233.

Defense witness forensic pathologist Dr. John Heidingsfelder testified that after reviewing medical records, photographs of the victim, and the autopsy report, it was "very clear to [him] that the immediate cause of death [was] that [Valinetz] died of a heart attack." Trial Tr. p. 410. Dr. Heidingsfelder further testified that the injuries Valinetz sustained were not life-threatening. However, Dr. Heidingsfelder also testified that Valinetz's heart attack was more likely than not caused by the blunt force trauma, and that he agreed with Dr. Clark that the manner of death was a homicide.

After both parties rested at trial, the trial court asked them if they would prefer to have oral closing arguments or to submit legal briefs. Counsel for Barnett's co-defendant responded that he would like to present argument "as to the conflicting pathologists . . . the primary issue in this case." Trial Tr. pp. 552-53. The trial court set oral arguments for the following morning and offered to give counsel additional time to submit legal briefs.

Following oral arguments, the trial court asked the parties if they would like to submit legal briefs. Counsel stated that they would. Attorneys for the co-defendants filed a joint post-trial memorandum wherein they argued that Valinetz's death was not caused by the defendants' acts. They attached to the memorandum a chapter from Spitz and Fisher's Medicolegal Investigation of Death, which Barnett describes as "a treatise on determining the

3

cause of death." Appellant's Br. p. 7. The arguments in the memorandum were based on and cited to the evidence presented at trial. The State filed a memorandum in support of conviction on charge of murder wherein it argued that the blunt force trauma the co-defendants inflicted on Valinetz was the immediate cause of his death. The arguments in its memorandum were also supported by the evidence presented at trial.

On June 22, 2001, the trial court acquitted Barnett of murder, convicted him of all other charges, and sentenced him to an aggregate sentence of seventy-nine years imprisonment. On direct appeal, this Court affirmed Barnett's felony murder conviction, vacated his robbery conviction on double jeopardy grounds, and revised his sentences for burglary and theft, resulting in an aggregate sentence of seventy-three and one-half years. Id.

In October 2012, Barnett filed a petition for post-conviction relief wherein he argued that his trial counsel was ineffective. The post-conviction court held a hearing on the petition in December 2012, and denied it in October 2013. Barnett appeals the denial of his petition.

**Discussion and Decision**

Defendants who have exhausted the direct appeal process may challenge the correctness of their convictions and sentences by filing a post-conviction petition. Stevens v. State, 770 N.E.2d 739, 746 (Ind. 2002), cert. denied, 540 U.S. 830 (2003). A petitioner who has been denied post-conviction relief faces a rigorous standard of review on appeal. Dewitt v. State, 755 N.E.2d 167, 170 (Ind. 2001). The post-conviction court's denial of relief will be affirmed unless the petitioner shows that the evidence leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. Id. We consider only the

4

probative evidence and reasonable inferences therefrom that support the post-conviction court's determination, and we will not reweigh the evidence or judge the credibility of witnesses. Bigler v. State, 732 N.E.2d 191, 194 (Ind. Ct. App. 2000), trans. denied.

To establish ineffective assistance of counsel, a petitioner must first demonstrate that counsel's performance was deficient. Smith v. State, 765 N.E.2d 578, 585 (Ind. 2002). This part of the test requires the petitioner to demonstrate that counsel's representation fell below an objective standard of reasonableness, and that the counsel's errors were so serious that they resulted in a denial of the right to counsel guaranteed under the Sixth Amendment to the United States Constitution. Id. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Stevens, 770 N.E.2d at 746. This presumption can be rebutted only with strong and convincing evidence. Elisea v. State, 777 N.E.2d 46, 50 (Ind. Ct. App. 2002).

The petitioner must also show that counsel's deficient performance resulted in prejudice to the defense. Smith, 765 N.E.2d at 585. Specifically, the petitioner must show that but for counsel's unprofessional errors, there is a reasonable probability that the results of the proceeding would have been different. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. Further, to prevail on a claim of ineffective assistance of counsel due to the failure to object, the petitioner must show an objection would have been sustained if made. Overstreet v. State, 877 N.E.2d 144, 155 (Ind. 2007).

Here, Barnett argues that "[h]ad trial counsel objected to the trial court's allowance of additional information after the close of the evidence, the objection would have been sustained." Appellant's Br. p. 6. In support of his claim, he directs us to Owens v. State, 750 N.E.2d 403 (Ind. Ct. App. 2001). There, after Owens and the State rested, the trial court was still not convinced beyond a reasonable doubt that Owens was innocent. The trial court therefore questioned witnesses and ordered the parties to conduct additional discovery. Upon hearing the additional evidence, the trial court convicted Owens of burglary, two counts of robbery, and two counts of criminal confinement. This court affirmed his convictions on direct appeal.

Owens subsequently filed a petition for post-conviction relief, which the post-conviction court denied. On appeal, Owens argued that his trial counsel was ineffective because she failed to object to the trial court questioning witnesses and ordering the parties to conduct additional discovery after both parties had rested. Through its questioning, the trial court allowed the introduction of inadmissible hearsay. In addition, the evidence that was introduced impeached Owens' testimony. This Court found that by requiring the parties to engage in additional discovery and return two weeks later to report their findings, the trial court overstepped its bounds as a neutral arbiter. Id. at 410. Accordingly, we concluded that trial counsel was ineffective for failing to object to the trial court's actions. Id.

However, the facts before us are distinguishable from those in Owens. Here, the trial court did not intervene in the proceedings or require the parties to engage in additional discovery. Rather, the trial court simply offered the parties the opportunity to submit post-

6

trial briefs. The arguments in the post-trial briefs were based on and supported by the evidence admitted at trial. There was no additional discovery in this case, and the trial court did not overstep its bounds as a neutral arbiter. Barnett has failed to show that an objection would have been sustained if made, and that the evidence leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court.

## Conclusion

The post-conviction court did not err in denying Barnett's petition.

Affirmed.

KIRSCH, J., and MAY, J., concur.