## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 29 2017, 9:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Scott King
Russell W. Brown, Jr.
Scott King Group
Merrillville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joseph Fuentes,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 29, 2017

Court of Appeals Case No.
71A03-1705-PC-1003

Appeal from the St. Joseph
Superior Court

The Honorable Jane Woodward-Miller, Judge

Trial Court Cause No.
71D01-1508-PC-34

**Robb, Judge.**

# Case Summary and Issue

[1] Joseph Fuentes appeals the denial of his petition for post-conviction relief, raising one issue for our review: whether the post-conviction court erred in determining Fuentes's trial counsel was not ineffective. Concluding Fuentes did not receive ineffective assistance of trial counsel, we affirm.

# Facts and Procedural History

[2] Fuentes was tried by a jury on charges of attempted murder, possession of a handgun by a felon, criminal recklessness, and resisting law enforcement. The relevant facts as summarized by this court on direct appeal are as follows:

> On October 2, 2012, South Bend Police Officers John Comeau ("Officer Comeau") and Tim Cichowicz ("Officer Cichowicz") were dispatched to a house on Ford Street in South Bend, Indiana on a report of a possibly armed male. When the officers arrived at the scene, Fuentes was standing by his tan Cadillac. Another man, later identified as Jaime Duron ("Duron") was standing in the yard of the house. Officer Comeau told Duron to approach him and ordered Fuentes not to move. Duron obeyed the officer's commands, but Fuentes jumped into his car and drove away. Officer Cichowicz pursued Fuentes in his patrol car with the siren and flashing lights activated. Fuentes ignored Officer Cichowicz's car and continued to flee, running through a stop sign. Soon thereafter, Fuentes lost control of his car and crashed into a nearby yard. Undaunted, Fuentes exited his car and fled on foot.
>
> Officer Cichowicz got out of his patrol car and gave chase on foot. With Officer Cichowicz closing in on him, Fuentes slowed down, turned around, and pointed a firearm at Officer Cichowicz at head level. Officer Cichowicz dove for cover and heard

Fuentes fire the weapon. Fuentes then continued to flee down an alleyway. Officer Cichowicz continued to pursue Fuentes, took cover behind a garage, and peered around the corner. Fuentes, who was approximately twenty-five yards away, fired his weapon two more times as Officer Cichowicz took cover.

Fuentes then took refuge in an abandoned home. After the police SWAT team surrounded the house and kicked in the door, Fuentes surrendered himself. When he was taken into custody, Fuentes did not have a firearm on his person. However, during a search of Fuentes's car, the police found an AR-15 rifle in the trunk. Fuentes asked the police officer who transported him to jail, "if [the police] had found an A.R. rifle in the trunk of the car that [Fuentes] was driving."

As a result of this incident, the State charged Fuentes on October 4, 2012, with Class A felony attempted murder, Class C felony possession of a firearm by a felon, Class D felony criminal recklessness, Class D felony resisting law enforcement, Class D felony intimidation, and Class A misdemeanor carrying a handgun without a license. The State later dismissed the intimidation charge. A bifurcated jury trial commenced on September 3, 2013, with regard to all charges except possession of a firearm by a felon. The jury found Fuentes guilty the following day, and Fuentes then pleaded guilty to being a felon in possession of a firearm. At the October 2, 2013 sentencing hearing, the trial court "merged" the misdemeanor conviction for carrying a handgun without a license into the conviction for possession of a firearm by a felon and imposed an aggregate executed term of forty years.

*Fuentes v. State*, 10 N.E.3d 68, 71-72 (Ind. Ct. App. 2014) (internal citations and footnote omitted), *trans. denied.* On appeal, Fuentes raised issues concerning

admission of evidence, instruction of the jury, and sufficiency of the evidence. We affirmed his convictions. *Id.* at 76.

[3]     On August 3, 2015, Fuentes filed a verified petition for post-conviction relief alleging his trial counsel was ineffective for failing to strike a juror. Fuentes subsequently amended his petition to allege that his trial counsel was also ineffective for failing to adequately cross-examine a State witness. Specifically, Fuentes argued that his trial counsel should have impeached Officer Cichowicz with his prior inconsistent statement regarding where Fuentes had pointed his gun during the second round of shots. Officer Cichowicz gave a videotaped interview to police on the evening of the crime. There, Officer Cichowicz stated that Fuentes pointed his gun at him during both the first shot and the second round of shots. However, in his deposition and subsequent trial testimony, Officer Cichowicz testified Fuentes pointed his gun at him during the first shot, but pointed his gun in the air during the second round of shots. This latter version of events was more consistent with another State witness, Thomas Soule, a neighborhood resident who witnessed part of the chase. Soule testified that he heard a gunshot, looked out and saw Fuentes "running with a gun in his hand." Appellant's Appendix, Volume 2 at 70. As Soule watched, he stated Fuentes was "firing up in the air." *Id.* Fuentes argues his trial counsel should have highlighted Officer Cichowicz's inconsistency on cross-examination.

[4]     Fuentes's trial counsel testified at a post-conviction evidentiary hearing on February 10, 2017. Counsel explained that his theory of defense was that

Fuentes did not intend to kill Officer Cichowicz, but that he had fired the shots "to scare police away, so he could get away." Transcript at 10. When counsel was pressed for an explanation as to why he did not impeach Officer Cichowicz with his prior inconsistent statement, counsel explained:

> [Trial counsel:]    I can't get into his head, obviously, to say he changed his testimony to make it more consistent [with Soule's testimony]. It was something I considered, but frankly it was more consistent with our trial theory and so rather than–I mean, here's the thing. I've got a jury of 12 people, and I know they're going to hear [Fuentes] say some things on tape that aren't going to make [Fuentes] look real good.

> [PCR counsel:]    Right.

> [Trial counsel:]    I could have crossed Officer Cichowicz a little harder perhaps on that issue. I don't know what it would have gotten me, however, because typically when confronted with something like that, you know, there's always a plausible explanation for changing testimony rather than, oh, I just lied. Or I changed it to fit the right story. So I didn't.

> If Officer Cichowicz had given testimony at trial that was inconsistent with his deposition, I would have hammered him with it as much as humanly possible, but when his deposition testimony and trial testimony were consistent and they were frankly more consistent with our theory of the case that it wasn't an intentional shooting to kill, I went with it.

*Id.* at 16.

After taking the matter under advisement, the post-conviction court entered findings of fact and conclusions of law denying Fuentes's petition for post-conviction relief. Fuentes now appeals.

# Discussion and Decision

## I. Standard of Review

Our standard of review in these matters is firmly established. Post-conviction proceedings are civil in nature and the petitioner must prove his grounds for relief by a preponderance of the evidence. *Shepherd v. State,* 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010), *trans. denied*; *see also* Ind. Post-Conviction Rule 1(5). A petitioner who has been denied post-conviction relief faces a "rigorous standard of review." *Dewitt v. State*, 755 N.E.2d 167, 169 (Ind. 2001). Post-conviction proceedings are not a super appeal and we will neither reweigh the evidence nor judge witness credibility. *McKnight v. State*, 1 N.E.3d 193, 199 (Ind. Ct. App. 2013), *trans. denied.* We consider only the evidence and reasonable inferences supporting the judgment. *Hall v. State*, 849 N.E.2d 466, 468 (Ind. 2006). Therefore, if a post-conviction petitioner was denied relief in the proceedings below, "he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court." *Shepherd,* 924 N.E.2d at 1280.

[7] We do not defer to the post-conviction court's legal conclusions, but do accept its factual findings unless they are clearly erroneous. *Stevens v. State*, 770 N.E.2d 739, 746 (Ind. 2002), *cert. denied*, 540 U.S. 830 (2003). However, we note that where, as here, the judge who presided over the original trial is also the judge who presided over the post-conviction proceedings, the post-conviction court's findings and judgment are entitled to "greater than usual deference . . . ." *Hinesley v. State,* 999 N.E.2d 975, 982 (Ind. Ct. App. 2013), *trans. denied*. This court has found judges in that circumstance to be uniquely situated to assess whether trial counsel's performance was ineffective. *Id.*

## II. Ineffective Assistance of Counsel

[8] On appeal, Fuentes has abandoned his claim that trial counsel was ineffective for failing to strike a juror and focuses solely upon whether his counsel was ineffective for failing to adequately cross-examine the State's witness. A claim of ineffective assistance of counsel, if not raised on direct appeal, is properly presented in a post-conviction proceeding. *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001), *cert. denied*, 537 U.S. 839 (2002). To prevail on an ineffective assistance claim, Fuentes must demonstrate two components: deficient performance by his trial counsel and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance requires a showing that counsel's representation fell below "an objective standard of reasonableness" based on "prevailing professional norms." *French v. State,* 778 N.E.2d 816, 824 (Ind. 2002). Counsel's representation, however, is presumed effective and a petitioner can only overcome such a presumption with "strong

and convincing evidence" of ineffectiveness. *Overstreet v. State*, 877 N.E.2d 144, 152 (Ind. 2007). To establish the second component, prejudice, a petitioner must "show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Perry v. State,* 904 N.E.2d 302, 308 (Ind. Ct. App. 2009), *trans. denied.*

[9]    Fuentes argues he was denied effective assistance of counsel when his trial counsel failed to adequately cross-examine the State's key witness. Specifically, Fuentes contends that counsel should have impeached Officer Cichowicz with his prior inconsistent statement regarding where the gun was pointed during the second round of shots. By highlighting the inconsistency, Fuentes argues he could show that "Officer Cichowicz modified his statement to comport with Mr. Soule's statement[,]" thus attacking his credibility and allowing the jury to question Officer Cichowicz's other testimony. Amended Brief of Appellant at 11.

[10]    At the evidentiary hearing, Fuentes's counsel agreed that Officer Cichowicz's credibility and testimony were central issues for trial because the State lacked physical evidence to support a charge of attempted murder. However, counsel testified that his failure to impeach Officer Cichowicz with his prior inconsistent statement was intentional because Officer Cichowicz's latter version of events was more conducive to his theory of the case and overall trial strategy.

[11] We reiterate that counsel's performance is presumed to be effective and that Fuentes can only overcome that presumption with a showing of "strong and convincing evidence" of ineffectiveness. *Overstreet*, 877 N.E.2d at 152. Our supreme court has held that counsel is permitted to make reasonable judgments in trial strategy regarding the impeachment of witnesses. *See, e.g., Bivins v. State*, 735 N.E.2d 1116, 1134 (Ind. 2000). "It is well-established that trial strategy is not subject to attack through an ineffective assistance of counsel claim, unless the strategy is so deficient or unreasonable as to fall outside of the objective standard of reasonableness." *Autry v. State,* 700 N.E.2d 1140, 1141 (Ind. 1998).

[12] Here, counsel's trial strategy was not unreasonable. Although it is true that counsel's theory of defense could not have completely exonerated Fuentes, there is no such requirement. *See Allen v. State,* 686 N.E.2d 760, 778 (Ind. 1997) (finding no ineffective assistance where counsel's theory of defense was to avoid a murder conviction and possible death penalty in favor of conviction for voluntary manslaughter). Counsel's strategy of proving Fuentes lacked specific intent would have avoided an attempted murder conviction, the most serious of the charges Fuentes faced. *See Spradlin v. State,* 569 N.E.2d 948, 951 (Ind. 1991) (holding that, "by definition, there can be no 'attempt' to perform an act unless there is a simultaneous 'intent' to accomplish such act."). The record supports counsel's trial strategy and we will not second-guess the propriety of those tactics. *See Davidson v. State*, 763 N.E.2d 441, 446 (Ind. 2002), *cert. denied*, 537 U.S. 1122 (2003). Fuentes has failed to present strong and convincing evidence that his counsel's performance in this regard was deficient. As such, we have

no need to determine whether Fuentes suffered prejudice.  *See French,* 778 N.E.2d at 824 (noting failure to prove either prong of an ineffective assistance claim will cause the claim to fail).

[13] Considering the high hurdle for ineffective assistance of counsel claims and counsel's considerable discretion in strategy, Fuentes's argument fails to establish that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite the one reached by the post-conviction court.

# Conclusion

[14] For the reasons set forth above, we conclude that Fuentes failed to demonstrate clear error in the post-conviction court's findings and judgment.  Accordingly, we affirm the denial of his petition for post-conviction relief.

[15] Affirmed.

Riley, J., and Pyle, J., concur.