## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 15 2019, 10:20 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Walter Havvard
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Walter Havvard,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | April 15, 2019<br><br>Court of Appeals Case No.<br>49A02-1711-PC-2773<br><br>Appeal from the<br>Marion Superior Court<br><br>The Honorable<br>Alicia A. Gooden, Judge<br><br>The Honorable<br>Richard E. Hagenmaier,<br>Commissioner<br><br>Trial Court Cause No.<br>49G21-1603-PC-9204 |

**Kirsch, Judge.**

Walter Havvard ("Havvard") appeals the trial court's denial of his petition for post-conviction relief, raising the following issues:

> I. Whether the attorney who represented Havvard in the pretrial stage of his first trial was ineffective for failing to pursue an interlocutory appeal of the trial court's denial of Havvard's motion to suppress.

> II. Whether the attorney who represented Havvard during both the pretrial and evidentiary phases of the second trial was ineffective for failing to file a motion to suppress the same evidence at issue during the first trial and whether that attorney was ineffective for failing to object to the admission of that evidence at the second trial.

We affirm.

## Facts and Procedural History[1]

On June 17, 2010, Detective Sergeant James Fiscus ("Detective Fiscus") of the Indianapolis Metropolitan Police Department ("IMPD") filed an affidavit in support of a request to search a residence at 427 W. Bernard Ave., Indianapolis ("the residence"), based on information from a confidential informant ("CI"), who said that Havvard was selling cocaine from the residence. *App. Vol. I* at 158. At the time, the CI had been working with law enforcement officers in Marion County for approximately two-and-a-half years and had worked with

---

[1] We will refer to the appellant's appendix for the direct appeal as "*App.*," the post-conviction transcript as "*PCR Tr.*," and the appellant's appendix for post-conviction relief as "*PCR App.*"

Detective Fiscus for about two years. *Id.* at 159-60. The affidavit stated that between June 8 and June 10, 2010, Detective Fiscus and the CI executed two controlled drug buys at the residence where Havvard sold cocaine to the CI. *Id.* at 158-60. Based on these controlled buys, Detective Fiscus's affidavit requested that the magistrate issue a warrant to allow police to search the residence. *Id.* at 160-62. The magistrate found that the affidavit established probable cause for the issuance of a search warrant, *id.* at 163, and issued the warrant on June 17, 2010. *Id.* at 152-54; *Havvard v. State*, No. 49A02-153-CR-127, slip op. at 2 (Ind. Ct. App. Dec. 15, 2015).

[4] On June 18, 2010, narcotics detectives with the IMPD served the search warrant. *Id.* Havvard was the only person in the residence when the officers served the warrant. *Id.* Detectives found large amounts of cocaine and marijuana, an assault rifle, $2000 in cash, digital scales, and Pyrex measuring cups. *Id.* at 3. On June 23, 2010, the State charged Havvard with the following: Class A felony dealing in cocaine[2]; Class A felony possession of cocaine[3]; Class C felony possession of cocaine and a firearm[4]; Class B felony unlawful possession of a firearm by a serious violent felon[5]; Class D felony

---

[2] *See* Ind. Code § 35-48-4-1.

[3] *See* Ind. Code § 35-48-4-6(b)(3).

[4] *See* Ind. Code § 35-48-4-6(b)(1)(B).

[5] *See* Ind. Code § 35-47-4-5.

dealing in marijuana[6]; and Class D felony possession of marijuana.[7]  *Id.*  On June 7, 2011, the State alleged that Havvard was an habitual offender.[8]  *Id.*

[5]  On July 23, 2013, attorney Andrew C. Maternowski ("Maternowski") appeared on Havvard's behalf.  *App. Vol. I* at 9.  On November 6, 2013, Maternowski filed a motion to suppress, alleging, *inter alia*, that the search warrant affidavit (1) failed to establish good cause that contraband would be found in the residence; (2) failed to establish the reliability of the confidential informant; and (3) was so lacking in establishing probable cause that no reasonably well-trained officer would have relied upon the search warrant in good faith.  *Id.* at 148-51.  The trial court denied the motion.  *Id.* at 164.  On January 10, 2014, Havvard wrote a letter to Maternowski, complaining about Maternowski's "racist comments" and describing him as a "sneaky guy."  *Id.* at 165; *PCR App. Vol. II* at 12.  Six days later, on January 16, 2014, Maternowski sought leave to withdraw as Havvard's attorney, and on February 3, 2014, the trial court granted the request.  *App. Vol. I* at 10, 169.  That same day, attorney Greg Spencer ("Spencer") appeared on Havvard's behalf.  *Id*. at 10.

[6]  On February 11, 2014, the State added a charge of Class A felony conspiracy to commit dealing in cocaine[9] and amended the possession of cocaine charge to a

---

[6] *See* Ind. Code § 35-48-4-10.

[7] *See* Ind. Code § 35-48-4-11.

[8] *See* Ind. Code § 35-50-2-8.

[9] *See* Ind. Code § 35-48-4-1(a) and Ind. Code § 35-41-5-2.

Class C felony.[10] *Havvard*, slip op. at 3. During Havvard's trial, Spencer objected to the admission of the evidence obtained through execution of the search warrant at the residence. *PCR Tr.* at 10. The trial ended in a hung jury. *Id.* at 11. As the case was set for a second trial, Spencer continued to represent Havvard. Spencer did not file a motion to suppress nor did he object at trial to the admission of the evidence found at the residence. *Id.* at 16. Havvard was convicted as charged. *Havvard*, slip op. at 4.

[7] At sentencing, the State dismissed all the charges except for the dealing in cocaine charge and the habitual offender enhancement. *Id.* The trial court entered judgment of conviction on the dealing charge and sentenced Havvard to thirty years executed. *Id.* The trial court also enhanced Havvard's sentence for dealing cocaine by an additional thirty years for being an habitual offender, for an aggregate executed sentence of sixty years. *Id.*

[8] On direct appeal, Havvard argued, *inter alia*, that the search warrant affidavit failed to establish probable cause to search the residence. We found that Havvard waived this issue because he did not object when the evidence was introduced at trial. *Id.* We affirmed the trial court. *Id*. at 10.

[9] Havvard sought post-conviction relief, filing his initial petition on March 18, 2016, and an amended petition on September 23, 2016. *PCR App. Vol. II* at 2, 74. Havvard alleged that Maternowski, his pretrial counsel in the first trial, was

---

[10] *See* Ind. Code § 35-48-4-6(b).

ineffective for failing to pursue an interlocutory appeal following the denial of Havvard's motion to suppress. *Id.* at 75-79. Havvard alleged that Spencer, his attorney during the second trial, was ineffective for failing to file a motion to suppress and for failing to object to the admission of evidence at the second trial. *Id.* at 80-91.

[10] Both Maternowski and Spencer testified at the post-conviction evidentiary hearing. *PCR Tr.* at 9-39; 48-58. Maternowski said he did not recall why he did not initiate an interlocutory appeal of the trial court's denial of the motion to suppress. *Id.* at 51. Spencer testified that as the second trial approached, he again reviewed the evidence regarding the search warrant, including the search warrant affidavit and the officers' depositions. *Id.* at 18. Spencer stated that he did not object to the introduction of the evidence because the search warrant "appeared to be solid" and there "wasn't reasonable grounds to attack it." *Id.* at 16, 18.

[11] Spencer also cited strategic reasons for not filing a motion to suppress or objecting at trial. Spencer believed that if he had asked the trial court to suppress the evidence, he would necessarily have argued that Havvard had standing to challenge the search, by which he would admit, even if only tacitly, that Havvard was strongly tied to the residence and was, at the very least, fully aware of the drugs and other contraband in the residence. Responding to Havvard's questions, Spencer testified as follows:

> And we had discussed a strategy that was going to minimize your contact with the residence. The prior trial, the evidence was

more in the testimony and the idea was more in line that you had more of a presence and more of issue of standing to object into the regards of the - your position at the residence. At the second trial we decided to alter that strategy and attempt to make it appear that you were more of a transient to that residence and simply were there after having been passed out the evening before from intoxication.

*PCR Tr.* at 17-18. In response to the State's questions during cross-examination, Spencer testified as follows:

The strategy, obviously, was to distance Mr. Havvard from the residence as much as possible. There was a – there was the notion that the - obviously that if [Havvard] were to testify and deny being there previously, that the State would introduce evidence that he was involved in at least one of those controlled buys, and we wanted to avoid, avoid that, of course. And - as though he had no connection to that residence at all . . . . and [the] argument being that he had no knowledge of those items because he just had been -- had been there and passed out and was not in knowing possession of those items.

*Id.* at 26-27. On June 19, 2017, the trial court denied Havvard's petition for post-conviction relief. *PCR. App. Vol. II* at 6, 9-31.

# Discussion and Decision

[12] Havvard argues that Maternowski was ineffective during the pretrial stage of the first trial for failing to initiate an interlocutory appeal of the denial of the motion to suppress. Havvard contends that had Maternowski pursued an interlocutory appeal, this court would have reversed the trial court's ruling and the State would have been forced to dismiss the charges against Havvard

because without the evidence found during the search, the evidence was insufficient to sustain a conviction on any of the charges.

[13] Havvard contends that Spencer was ineffective during the second trial for both failing to file a motion to suppress and failing to object at trial to the admission of the evidence seized from the residence. He argues that if Spencer had objected at trial, this court would have 1) reviewed the issue on the merits, 2) found that the evidence was inadmissible, and 3) reversed his convictions. This would have forced the State to dismiss the case for lack of sufficient evidence.

[14] Havvard's claims that both attorneys were ineffective are grounded in his argument that the search warrant affidavit failed to establish the reliability of the confidential informant, failed to establish probable cause, and was so lacking in establishing probable cause that the good faith exception to the exclusionary rule did not apply.

[15] A petitioner in a post-conviction proceeding has the burden to establish the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Hollowell v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014). A petitioner who appeals the denial of post-conviction relief is appealing a negative judgment, *id.*, and thus faces a "rigorous standard of review." *Dewitt v. State*, 755 N.E.2d 167, 170 (Ind. 2001). Thus, we will affirm the denial of post-conviction relief unless the petitioner shows that the evidence leads "unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *McCary v. State*, 761 N.E.2d 389, 391 (Ind. 2002). We accept the post-

conviction court's findings of fact unless they are clearly erroneous or leave the court with a definite and firm conviction that a mistake has been made. *Hollowell*, 19 N.E.3d at 269. We do not reweigh the evidence and consider only the probative evidence and all reasonable inferences therefrom that support the post-conviction court's determination. *West v. State*, 938 N.E.2d 305, 309 (Ind. Ct. App. 2010), *trans. denied*.

[16] To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that 1) counsel's performance was deficient and 2) the deficient performance resulted in prejudice. *Helton v. State*, 907 N.E.2d 1020, 1023 (Ind. 2009). As to the first component, counsel is afforded wide latitude in choosing strategy and tactics, and we will accord that decision significant deference. *Pruitt v. State*, 903 N.E.2d 899, 928 (Ind. 2009). "A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 906. Regarding the second prong, deficient performance will be prejudicial only when there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[17] When reviewing the adequacy of a search warrant, we focus on whether a substantial basis existed for a warrant, and doubtful cases are to be resolved in favor of upholding the warrant. *Iddings v. State*, 772 N.E.2d 1006, 1012 (Ind. Ct. App. 2002). We defer to the magistrate who issued the warrant, focusing on whether reasonable inferences drawn from the totality of the evidence

support the determination. *Id.* We presume that a search warrant is valid, and a defendant bears the burden to overturn that presumption. *Id.*

[18] Here, Maternowski was not ineffective for failing to initiate an interlocutory appeal of the trial court's denial of the motion to suppress. "[A] ruling on a pretrial motion to suppress is not intended to serve as the final expression concerning admissibility." *Joyner v. State*, 678 N.E.2d 386, 393 (Ind. 1997) (quoting *Gajdos v. State*, 462 N.E.2d 1017, 1022 (Ind. 1984)). Thus, the admissibility of the evidence that Maternowski challenged in the motion to suppress was still a viable issue for Spencer to raise in the first trial, which he did by objecting when the State tendered the evidence. *PCR Tr.* at 10. Moreover, Havvard overlooks the discretionary nature of interlocutory appeals. Neither the trial court nor this court would have been required to authorize an interlocutory appeal. *See* Ind. Appellate Rule 14(B)(1) ("The trial court, in its discretion . . . *may* certify an interlocutory order to allow an immediate appeal.") (emphasis added) and Ind. Appellate Rule 14(B)(2) ("If the trial court certifies an order for interlocutory appeal, the Court of Appeals, in its discretion . . . *may* accept jurisdiction of the appeal.") (emphasis added). Therefore, Maternowski did not render deficient performance in choosing to not initiate an interlocutory appeal, and Havvard suffered no prejudice from Maternowski's decision because the admissibility of evidence was still available for attorney Spencer to raise at trial.

[19] As to Spencer, we find that he was not ineffective during the second trial for choosing to not file a motion to suppress and choosing to not object to the

admission of the evidence at trial because there were strategic reasons for not doing so. Spencer was understandably concerned that attempting to exclude the evidence would necessarily require him to argue that Havvard had standing to challenge the admissibility of the evidence, which would force Havvard to admit that he was strongly tied to the residence where the contraband was found. Taking this approach would undermine what Spencer reasonably believed was a sound trial defense, which was to argue that Havvard had no knowledge of the drugs and other contraband at the residence and that when the officers executed the search warrant at the residence, he was there by happenstance and was not aware of the presence of the incriminating evidence. *PCR Tr.* at 26-27. This was a sensible defense because the residence was more a "drug house" than a residence as it had minimal furniture and was essentially empty. *Id.* at 28-29. Objecting to admission of the evidence, and thereby asserting standing and an expectation of privacy, would likely strengthen Havvard's connection to the residence from the perspective of the jury. *See Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (standing under United States Constitution); *Peterson v. State*, 674 N.E.2d 528, 533 (Ind. 1996) (standing under Indiana Constitution).

[20] Therefore, the defense employed by Spencer was a calculated rational attempt to convey to the jury that Havvard had no actual knowledge, or reason to know of contraband or illegal activities occurring at the residence. Spencer was afforded considerable discretion in choosing strategy and tactics, *see Strickland*, 466 U.S. at 689, and we presume that he made these decisions in the exercise of

reasonable professional judgment. *Id.* at 690. We thus defer to Spencer's strategic decision to forgo a challenge to the admission of evidence and find that he did not render ineffective assistance of counsel in not filing a motion to suppress or in choosing to not object to the admission of evidence at trial.

Affirmed.

Riley, J., and Robb, J., concur.