

**FILED**

Aug 15 2019, 9:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| John Laboa<br>New Castle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Chandra K. Hein<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Laboa,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | August 15, 2019<br><br>Court of Appeals Case No.<br>18A-CR-951<br><br>Appeal from the Floyd Superior<br>Court<br><br>The Honorable Bradley B. Jacobs,<br>Special Judge<br><br>Trial Court Cause No.<br>22D03-1704-PC-6 |

**Robb, Judge.**

# Case Summary and Issue

[1] John Laboa pleaded guilty to child molesting, a Class B felony, and was sentenced to twenty years in the Indiana Department of Correction ("DOC"). Laboa filed a petition for post-conviction relief alleging ineffective assistance of counsel, prosecutorial misconduct, professional misconduct, judicial bias, and a conspiracy among those involved in his case to wrongfully convict and confine him. Without ordering the parties to proceed by affidavit or holding an evidentiary hearing, the post-conviction court denied his petition. Laboa, pro se, appeals the summary denial of his petition raising five issues, which we consolidate and restate as whether the post-conviction court erred by denying his petition without holding an evidentiary hearing. Concluding the restated issue is dispositive and the post-conviction court clearly erred in the procedure it used to dispose of Laboa's petition, we reverse and remand with instructions.

# Facts and Procedural History

[2] Laboa was accused of molesting several children. After an investigation, the State charged Laboa with two counts of child molesting as Class A felonies and three counts of child molesting as Class C felonies. On March 12, 2014, Laboa pleaded guilty to one count of child molesting as a Class B felony, and the remaining counts were dismissed. The trial court sentenced him to twenty years in the DOC.

Following his guilty plea, Laboa filed a petition for post-conviction relief in March 2015 in which he claimed ineffective assistance of counsel, prosecutorial misconduct, and judicial bias. However, Laboa withdrew his petition in February 2017. He filed another petition for post-conviction relief in April 2017. In his second petition, Laboa alleged ineffective assistance of counsel, prosecutorial misconduct, abuse of discretion, and professional misconduct as the basis for vacating his conviction. Specifically, he alleged a "conspiracy [among those involved in his case] to commit malicious and nefarious intentional collusion to wrongfully convict [him] and wrongfully confine [him] in the [DOC]." Appellant's Appendix, Volume 2 at 128. The original trial court judge recused herself and Special Judge Bradley Jacobs was appointed. In November 2017, Laboa amended his petition[1] and submitted an affidavit summarizing his allegations. Laboa also attached his previously withdrawn petition for post-conviction relief and the statement of facts which he had submitted with his first petition, and he requested an evidentiary hearing. In support of his petition, Laboa filed self-serving affidavits and subsequently filed numerous notices with the post-conviction court. The chronological case summary indicates that the State did not respond to Laboa's petition and the

---

[1] Indiana Post-Conviction Rule 1(4)(c) provides that the "petitioner shall be given leave to amend the [post-conviction] petition as a matter of right no later than sixty [60] days prior to the date the petition has been set for trial. Any later amendment of the petition shall be by leave of the court." As our supreme court has explained, "any motion to amend [the petition] within 60 days of an evidentiary hearing may be granted only by leave of the court." *Tapia v. State*, 753 N.E.2d 581, 586 (Ind. 2001) (internal quotations omitted). Because the post-conviction court did not schedule or hold an evidentiary hearing, Laboa did not require the permission of the post-conviction court to amend his petition.

post-conviction court did not order the cause to be submitted by affidavit or schedule an evidentiary hearing.

[4]     On December 28, 2017, the post-conviction court issued findings of fact and conclusions thereon denying Laboa's petition:

> [H]aving read and considered the pleadings and affidavits . . . :
>
> Findings of Fact
>
> 1.  [Laboa] pleaded guilty on March 12, 2014 and was sentenced on April 9, 2014.
>
> 2.  [Laboa] timely filed his Petition for Post-Conviction Relief and amendments.
>
> 3.  [Laboa] did not file any affidavits signed by anyone other than [himself].
>
> Conclusions of Law
>
> 1.  [Laboa's] assertions that everyone involved in his case lied to him or colluded against him, unsupported by any independent evidence, are not enough to sustain his claims.
>
> 2.  [Laboa] has failed to show by a preponderance of evidence that he is entitled to relief.

[State's] Supplemental Appendix, Volume 2 at 64.  Laboa then filed a motion to correct errors, which was deemed denied because it was not ruled on within the allotted time, and this appeal ensued.

# Discussion and Decision

## I. Standard of Review

Post-conviction proceedings are civil in nature and the petitioner must therefore establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). "Post-conviction proceedings do not afford the petitioner an opportunity for a super appeal, but rather, provide the opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal." *Turner v. State*, 974 N.E.2d 575, 581 (Ind. Ct. App. 2012), *trans. denied*. On appeal, a petitioner who has been denied post-conviction relief faces a "rigorous standard of review." *Dewitt v. State*, 755 N.E.2d 167, 169 (Ind. 2001). To prevail, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Hall v. State*, 849 N.E.2d 466, 469 (Ind. 2006).

Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we will reverse only "upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation omitted), *cert. denied*, 534 U.S. 830 (2001).

## II. Summary Disposition

Laboa essentially argues that the post-conviction court erred when it summarily denied his petition sua sponte without holding an evidentiary hearing and

further argues he was denied the opportunity to offer additional evidence for a hearing. According to Laboa, an evidentiary hearing was the only way to develop his claims. The State maintains that the post-conviction court was not required to hold an evidentiary hearing because the post-conviction rules allow for summary disposition or submission by affidavit. The State also asserts that the post-conviction court has the discretion to order the cause to be submitted by affidavit and, in this case, "[i]t is evident the PCR court did not credit Laboa's bald assertions that were not verified by independent sources. . . . [and] Laboa failed to present any verified affidavits, which he had a full and fair opportunity to do." Brief of Appellee at 17.

[8] A petition for post-conviction relief shall be heard without a jury and the court "may receive affidavits, depositions, oral testimony, or other evidence and may at its discretion order the [petitioner] brought before it for the hearing." Ind. Post-Conviction Rule 1(5). We have previously explained that Post-Conviction Rule 1(4) contains two different subsections under which a post-conviction court may deny a petition without a hearing—subsection (f) and subsection (g)—and that each one has a different applicable standard of review. *See Binkley v. State,* 993 N.E.2d 645, 649-50 (Ind. Ct. App. 2013) (citing *Allen v. State,* 791 N.E.2d 748, 752-53 (Ind. Ct. App. 2003), *trans. denied*). Subsection (f) provides that a post-conviction court "may deny the petition without further proceedings" if "the *pleadings* conclusively show that [the] petitioner is entitled to no relief[.]" P-C.R. 1(4)(f) (emphasis added). Subsection (g) provides that a post-conviction court:

may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

P-C.R. 1(4)(g).

Under the plain language of subsection g, a court may grant summary disposition after "a motion by either party" and after considering the pleadings and other evidence submitted. The language of subsection f, on the other hand, permits a court to deny a petition based upon only the pleadings and apparently without a motion by either party.

*Allen,* 791 N.E.2d at 753 (internal citation omitted).

[9] Post-Conviction Rule 1(9)(b) provides another way for the post-conviction court to rule on a petition without an evidentiary hearing:

In the event petitioner elects to proceed pro se, the court at its discretion may order the cause submitted upon affidavit. It need not order the personal presence of the petitioner unless his presence is required for a full and fair determination of the issues raised at an evidentiary hearing.

This subsection "clearly and plainly provides that when a petitioner proceeds pro se, the PCR court has the discretion to order the cause submitted upon affidavit." *Smith v. State,* 822 N.E.2d 193, 201 (Ind. Ct. App. 2005), *trans. denied.* This rule is a "distinct way for a PCR court to rule on a petition without an evidentiary hearing." *Id.* A post-conviction court is only required to hold an

evidentiary hearing after ordering a case be submitted by affidavit if (1) affidavits are, in fact, submitted, (2) either party moves for summary disposition, and (3) there is a genuine issue of material fact. *See* P-C.R. 1(4)(g). The post-conviction court's procedural options can be summarized as follows: hold a full evidentiary hearing, P-C.R. 1(5); deny the petition if the pleadings show no merit, P-C.R. 1(4)(f); decide the petition on the basis of the pleadings and other evidence submitted if either party moves for summary disposition and there is no genuine issue of material fact to be considered at a hearing, P-C.R. 1(4)(g); or, if the petitioner is pro se, order the case submitted on affidavit, P-C.R. 1(9).

[10] The post-conviction court did not hold an evidentiary hearing as contemplated by Post-Conviction Rule 1(5). The State is correct that the post-conviction court may order the cause to be submitted by affidavit when, as here, the petitioner is pro se. However, our review of the record reveals that the post-conviction court did not order the cause to be submitted upon affidavit. The fact that Laboa submitted several affidavits to the court when he filed (and then amended) his petition, is not equivalent to ordering the parties to proceed upon affidavit. Had the post-conviction court ordered the case tried upon affidavit, Laboa would have been entitled to gather and submit additional evidence he felt was relevant to his claims within the allocated time by the court. In addition, not only did the State not submit any affidavits, the chronological case summary also indicates that the State failed to respond to Laboa's petition as required by Post-Conviction Rule 1(4)(a), which states: "Within thirty (30) days

after the filing of the petition, or within any further reasonable time the court may fix, . . . the prosecuting attorney . . . *shall* respond by answer stating the reasons, if any, why the relief prayed for should not be granted." (Emphasis added.) Therefore, the post-conviction court did not avail itself of the option provided by Post-Conviction Rule 1(9) to decide a post-conviction case without a hearing. And in its order, the post-conviction court stated it had considered the pleadings *and* affidavits submitted by Laboa; thus, it did not decide the case as provided by Post-Conviction Rule 1(4)(f), either. Moreover, the post-conviction court could not decide the case as provided by Post-Conviction Rule 1(4)(g) because neither party moved for summary disposition. *Allen*, 791 N.E.2d at 753.

[11] Because the post-conviction court's judgment was not decided as provided by the rules outlined above, we conclude the post-conviction court erred in the procedure it used to dispose of Laboa's petition. Therefore, we reverse the judgment of the post-conviction court and remand with instructions to either order the cause to be submitted by affidavit, allowing Laboa time to gather and submit affidavits he feels are relevant to his allegations, or hold an evidentiary hearing. *See* P-C.R. 1(4)(g); P-C.R. 1(9)(b). We decline to recommend or comment on a particular course of action.

# Conclusion

[12] Based on our evaluation of the record, we conclude the procedure the post-conviction court used to dispose of Laboa's petition was clearly erroneous.

Accordingly, we reverse the post-conviction court's judgment and remand for further proceedings consistent with this opinion.

[13] Reversed and remanded.

Baker, J., and Najam, J., concur.